UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY;

      Plaintiff,                          Civil Action No. 06-10934

v.                                        HONORABLE VICTORIA A. ROBERTS

GEORGE PRAMSTALLER, et. al.

      Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Mark Anthony Reed-Bey, ("Plaintiff"), presently confined at the Mound Correctional Facility in Detroit, Michigan, has filed a civil rights complaint against a number of defendants, pursuant to 42 U.S.C. § 1983. Having reviewed Plaintiff's complaint, the Court dismisses the complaint without prejudice for failure to exhaust state administrative remedies pursuant to 42 U.S.C. § 1997e(a).

### I. The Complaint

The complaint alleges that the defendants have deprived Plaintiff of adequate medical care and treatment during his incarceration at the Mound Correctional Facility. Plaintiff seeks monetary and injunctive relief.

### II. Discussion

The complaint must be dismissed because Plaintiff has failed to prove that he exhausted his administrative remedies. 42 U.S.C. § 1997e(a), as amended by the Prison

1

Litigation Reform Act of 1996 (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

A prisoner filing a 42 U.S.C. § 1983 case involving prison conditions must allege and show that he or she has exhausted all available state administrative remedies. *Brown v. Toombs*, 139 F. 3d 1102, 1104 (6th Cir. 1998).  A prisoner who seeks monetary damages must complete the prison administrative process, even where that process may not offer the prisoner the specific remedy that he or she seeks. *Booth v. Churner,* 532 U.S. 731, 734 (2001).  Therefore, so long as a prison system has an administrative process that will review a prisoner's complaint, even when the prisoner seeks monetary damages, the prisoner must first exhaust his or her prison administrative remedies. *Id.*  The PLRA's exhaustion requirement applies to all prisoner lawsuits about prison life, whether they involve general circumstances or particular episodes, and regardless of whether the suit alleges excessive force or some other wrong. *Porter v. Nussle,* 534 U.S. 516, 532 (2002). A prisoner may not amend his § 1983 complaint to cure a failure to plead the exhaustion of administrative remedies. *Baxter v. Rose,* 305 F. 3d 486, 487 (6th Cir. 2002).  Therefore, a prisoner's *pro se* § 1983 action is properly dismissed without prejudice in the absence of any indication in the complaint that the prisoner has properly exhausted his or her state administrative remedies as required by the PLRA. *Brown,* 139 F. 3d at 1104.

In order to effectuate the language contained in § 1997e(a), a prisoner must plead

his or her claims with specificity and show that they have been exhausted by attaching a copy of the applicable dispositions to the complaint, or in the absence of any documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F. 3d 640, 642 (6th Cir. 2000).

In the present case, Plaintiff has failed to establish with specificity that he exhausted his administrative remedies, because there is no indication that Plaintiff named all of the defendants in any of the grievances that he that he filed.

In *Curry v. Scott,* 249 F. 3d 493, 504-05 (6th Cir. 2001), the Sixth Circuit held that inmates failed to exhaust their administrative remedies against a corrections officer whom they failed to mention in any of their grievances.  In so ruling, the Sixth Circuit rejected the plaintiffs' arguments that because prison officials were aware of the underlying facts involving their claim, they did not need to identify every defendant.  The Sixth Circuit disagreed, noting that the claim against this defendant was "a separate claim, against a separate individual, premised on a separate and independent legal theory." *Id.* at 505. Because this defendant was not mentioned in the plaintiffs' grievances, prison officials did not have any reason to pursue any of the plaintiffs' claims or to take disciplinary action against this particular defendant. *Id.*  The Sixth Circuit indicated that the requirement that a prisoner file a grievance against the person or persons whom he or she seeks § 1983 relief against "does not impose a heightened requirement upon would-be § 1983 plaintiffs" but only assured "that the prison administrative system has a chance to deal with the claims against prison personnel before those complaints reach federal court."*Id.*

In this case, Plaintiff failed to name any of the defendants that he wishes to sue in his Step I grievance. "[F]or a court to find that a prisoner has administratively exhausted a claim against an individual defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones,* 321 F. 3d 569, 575 (6th Cir. 2003). Plaintiff's failure to name the defendants in his Step I grievance alone would preclude a finding of exhaustion. *Id.,* at 576, ns. 4 & 5 (claim of retaliation which was initially raised by prisoner in Step II of the grievance process was not administratively exhausted).

Moreover, there is no indication that Plaintiff named all of the defendants at Steps II or III of the grievance process. A Michigan prisoner must pursue all three steps of the grievance procedure in order to properly exhaust his or her administrative remedies. *See Chamberlain v. Overton,* 326 F. Supp. 2d 811, 815 (E.D. Mich. 2004). Without any evidence from Plaintiff that he identified all of the defendants in any administrative proceedings or that he had exhausted his administrative remedies with respect to each of these defendants, Plaintiff would be unable to establish with particularity that he had exhausted his available administrative remedies against these defendants in order to maintain this complaint against the named defendants. *See Gibbs v. Bolden,* 151 F. Supp. 2d 854, 857 (E.D. Mich. 2001). In addition, under what is known as "the total exhaustion rule", the presence of an unexhausted claim in a prisoner civil rights complaint requires the dismissal not just of the unexhausted claim, but of the entire action. *See Bey v. Johnson,* 407 F. 3d 801, 806-808 (6th Cir. 2005); *Chamberlain,* 326 F. Supp. 2d at 816-18. Without

any evidence that Plaintiff had exhausted his administrative remedies against all of the defendants in this case, his complaint would be subject to dismissal.

Finally, Plaintiff's medical condition would not waive the exhaustion requirement contained in § 1997e(a). *See Lovett v. Gundy,* 111 Fed. Appx. 810, 812 (6th Cir. 2004).

In light of the fact that the Court is dismissing Plaintiff's complaint for failure to comply with the PLRA exhaustion requirement, Plaintiff's motion for a temporary restraining order is denied as moot. *See Smeltzer v. Hook,* 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002).

## V. ORDER

**IT IS ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE ADMINISTRATIVE REMEDIES**, pursuant to 42 U.S.C. § 1997e(a).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for A Temporary Restraining Order is **DENIED AS MOOT.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 11, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on April 11, 2006.

S/Carol A. Pinegar
Deputy Clerk