UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY;

    Plaintiff,                                Civil Action No. 06-10934
v.                                         HONORABLE VICTORIA A. ROBERTS
                                            UNITED STATES DISTRICT COURT

GEORGE PRAMSTALLER, et. al.

    Defendants,
_____/

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION

On April 11, 2006, the Court dismissed Plaintiff's civil rights complaint which had been brought pursuant to 42 U.S.C. 1983 without prejudice because Plaintiff had failed to exhaust his administrative remedies with respect to his claims.  Plaintiff has now filed a letter which will be treated as a motion for reconsideration.  For the reasons stated below, the motion for reconsideration is denied.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration.  However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Michigan Regional Council of Carpenters v. Holcroft L.L.C.* 195 F. Supp. 2d 908, 911 (E.D. Mich. 2002)(*citing to* U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g)(3)).  A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition

1

of the case must result from a correction thereof. *Id.* A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

In his motion for reconsideration, Plaintiff claims that he mailed a Notice of Voluntary Partial Dismissal/Motion for Leave to Amend Complaint on April 17, 2006, which included a copy of the Step III grievance that was filed in this case. Plaintiff asks this Court to reconsider its order and to re-instate the complaint against the defendants who are not named in his Notice of Partial Dismissal.

The Court will deny the Motion for Reconsideration for several reasons. First, this Court has not received a copy of the Voluntary Partial Dismissal/Motion for Leave to Amend Complaint in this case. The district court docket sheet, which this Court is permitted to take judicial notice of in a prisoner civil rights case, *See e.g. Mangiafico v. Blumenthal,* 358 F. Supp. 2d 6, 9-10 (D. Conn. 2005) shows no entry of such pleadings, nor has chambers received a copy of these pleadings.

Secondly a prisoner may not amend his § 1983 complaint to cure a failure to plead the exhaustion of administrative remedies. *Baxter v. Rose,* 305 F. 3d 486, 487 (6th Cir. 2002). Under "the total exhaustion rule", the presence of an unexhausted claim in a prisoner civil rights complaint requires the dismissal not just of the unexhausted claim, but of the entire action. *See Bey v. Johnson,* 407 F. 3d 801, 806-808 (6th Cir. 2005). Because of the "total exhaustion" rule, a prisoner may not amend his complaint to delete those defendants against whom the claims have not been exhausted. *See Rinard v. Luoma,*

440 F. 3d 361, 362-63 (6th Cir. 2006).

Finally, Plaintiff failed to name any of the defendants that he wished to sue in his Step I grievance. "[F]or a court to find that a prisoner has administratively exhausted a claim against an individual defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones,* 321 F. 3d 569, 575 (6th Cir. 2003). Plaintiff's failure to name the defendants in his Step I grievance alone would preclude a finding of exhaustion. *Id.,* at 576, ns. 4 & 5 (claim of retaliation which was initially raised by prisoner in Step II of the grievance process was not administratively exhausted).

## **ORDER**

**IT IS ORDERED** that motion for reconsideration is **DENIED**.

                                         S/Victoria A. Roberts
                                         Victoria A. Roberts
                                         United States District Judge

Dated: May 26, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on May 26, 2006.

S/Carol A. Pinegar
Deputy Clerk