UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY;

    Plaintiff,                                    Civil Action No. 06-10934
v.                                              HONORABLE VICTORIA A. ROBERTS
                                                   UNITED STATES DISTRICT COURT

GEORGE PRAMSTALLER, et. al.

    Defendants,
_____/

**OPINION AND ORDER GRANTING THE MOTION FOR LEAVE TO AMEND COMPLAINT AND FOR PARTIAL DISMISSAL**

On April 11, 2006, the Court dismissed Plaintiff's civil rights complaint which had been brought pursuant to 42 U.S.C. 1983 without prejudice because Plaintiff had failed to exhaust his administrative remedies with respect to his claims. *Reed-Bey v. Pramstaller* Slip Copy, 2006 WL 932299 (E.D. Mich. April 11, 2006). On April 25, 2007, the United States Court of Appeals for the Sixth Circuit remanded the case to this Court for further proceedings in light of the Supreme Court's ruling in *Jones v. Bock,* 127 S. Ct. 910 (2007). *Reed-Bey v. Pramstaller*, No. 06-1812 (6th Cir. April 25, 2007). On August 10, 2007, this Court signed an order directing service.

Plaintiff has now filed a motion for amend his complaint to voluntarily dismiss the action against the "John Doe" and "Jane Doe" defendants whom he is unable to identify.

An inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the

1

action by serving upon him a summons and copy of the complaint. *See Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *See Williams v. McLemore,* 10 Fed. Appx. 241, 243 (6th Cir. 2001); *See also Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

In the present case, because the "John Doe" or "Jane Doe" defendants have never been identified by Plaintiff, Plaintiff's civil rights action shall be dismissed without prejudice against these defendants. *See Awdish v. Pappas,* 159 F. Supp. 2d 672, 673, n. 1 (E.D. Mich. 2001); *Johnson v. City of Ecorse,* 137 F.Supp.2d 886, 892 (E.D.Mich. 2001); *Taylor v. Foltz,* 803 F. Supp. 1261, 1267 (E.D. Mich. 1992).

In addition, Fed.R.Civ.P. 41(a) provides that a plaintiff may dismiss an action without order of court by filing a notice of dismissal before service by the adverse party of an answer or motion for summary judgment. *See also Doran v. McGinnis*, 158 F.R.D. 383, 389 (E.D. Mich. 1994). Plaintiff is entitled to a voluntary dismissal of his civil rights complaint as against these "John Doe" or "Jane Doe" defendants, in light of the fact that these defendants has not yet been served in this case, nor have they filed an answer to the complaint or motions to dismiss or for summary judgment. *Id.* The Court's Order directing service from August 10, 2007 shall remain in effect with respect to the

remaining defendants who have been specifically named in the complaint.

Based upon the foregoing, plaintiff's complaint is amended and the action is

**DISMISSED WITHOUT PREJUDICE** with respect to the "John Doe" and "Jane Doe"

defendants who were originally named in the complaint.

**S/Victoria A. Roberts**

**United States District Judge**

**Dated: August 23, 2007**

> **The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on August 23, 2007.**
>
> s/Carol A. Pinegar
> **Deputy Clerk**