UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MARK REED, #151290,

                Plaintiff,

v

GEORGE PRAMSTALLER, *et al.*,

                Defendants.

NO. 2:06-cv-10934

HON. VICTORIA A. ROBERTS

MAG. STEVEN D. PEPE

| | |
|---|---|
| Mark Reed, #151290<br>*In Pro Per*<br>Saginaw Correctional Facility<br>9625 Pierce Road<br>Freeland, MI   48623<br><br>Clifton B. Schneider (P70582)<br>Attorney for MDOC Defendants<br>Michigan Department of Attorney General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI  48909<br>(517) 335-7021 | Thomas J. Trenta (P25957)<br>Michael D. Kennedy (P55983)<br>Law Offices of Thomas J. Trenta, PLLC<br>Attorneys for Defendant CMS<br>33 Bloomfield Hills Parkway, Suite 290<br>Bloomfield Hills, MI  48304-2945<br>(248) 554-9900 |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants MDOC, Russell, Pramstaller, and Bureau of Health Care Services, by

counsel, move under Fed R Civ P 56(b) for summary judgment.  Defendants ask that the Court

grant this motion in their favor as to the claims against them and dismiss them from this suit.

This motion is based on Fed R Civ P 56(b), the PLRA, and the other grounds set forth in

Defendants' accompanying brief.  Concurrence in this motion is being sought from the Plaintiff via the attached letter.

Respectfully submitted,

Michael A. Cox
Attorney General

*s/ Clifton Schneider*_____
CLIFTON SCHNEIDER (P70582)
Assistant Attorney General
Corrections Division
PO Box 30217
Lansing, MI  48909
Email:  schneiderC1@michigan.gov
(517) 335-7021

Date:   October 22, 2007

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MARK REED, #151290,

        Plaintiff,

v

GEORGE PRAMSTALLER, *et al.*,

        Defendants.

NO. 2:06-cv-10934

HON. VICTORIA A. ROBERTS

MAG. STEVEN D. PEPE

---

Mark Reed, #151290
*In Pro Per*
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI   48623

Clifton B. Schneider (P70582)
Attorney for MDOC Defendants
Michigan Department of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7021

Thomas J. Trenta (P25957)
Michael D. Kennedy (P55983)
Law Offices of Thomas J. Trenta, PLLC
Attorneys for Defendant CMS
33 Bloomfield Hills Parkway, Suite 290
Bloomfield Hills, MI  48304-2945
(248) 554-9900

---

**BRIEF IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Michael A. Cox
Attorney General

CLIFTON SCHNEIDER (P70582)
Assistant Attorney General
Corrections Division
PO Box 30217
Lansing, MI  48909
Email:  schneiderC1@michigan.gov
(517) 335-7021

Date:   October 22, 2007

## TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES..................................................................................................ii

CONCISE STATEMENT OF ISSUES PRESENTED..................................................................iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY......................................................iv

STATEMENT OF THE FACTS.............................................................................................1

ARGUMENT:

    I       This action should be dismissed because Plaintiff did not name any
            of the Defendants in his grievance.........................................................................2

    II     Any claims accruing after October 13, 2005 should be dismissed
            because Plaintiff did not file a grievance after that date.........................................4

CONCLUSION AND RELIEF SOUGHT..................................................................................4

## INDEX OF AUTHORITIES

**Cases:**

*Burton v Jones,*
  321 F3d 569 (CA 6, 2003) ................................................................................. 2

*Curry v Scott,*
  249 F3d 493 (CA 6, 2001) ................................................................................. 2

*Jones v Bock*,
  127 S Ct 910 (2007) ..................................................................................... 1, 3

*Woodford v Ngo*,
  548 US___, 126 S Ct 2378 (2006) ..................................................................... 3


**Other:**

42 USC § 1983 .................................................................................................... 1

42 USC § 1997e(a) (2004) ..................................................................................... 2

i

## CONCISE STATEMENT OF ISSUES PRESENTED

I.      Plaintiff filed one grievance relating to the issues alleged in this complaint.  That grievance does not name any of the Defendants, in violation of MDOC grievance policy.  Should this suit be dismissed because Plaintiff has not exhausted his administrative remedies?

Defendants' answer:          Yes
Plaintiff's answer:          Unknown

II.     Plaintiff's only grievance relating to the issues raised in this case was filed on October 13, 2005.  Should any of Plaintiff's claims accruing after that date be dismissed because Plaintiff did not exhaust as to those issues?

Defendants' answer:          Yes
Plaintiff's answer:          Unknown

ii

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Before bring suit, a prisoner must first exhaust available administrative remedies.  42

USC Section 1997e(a) (2004); *Burton v Jones,* 321 F3d 569, 774 (CA 6, 2003); *Curry v Scott,*

249 F3d 493 (CA 6, 2001).  The PLRA requires proper exhaustion; this "means using all steps

that the agency holds out, and doing so properly."  *Woodford v Ngo,* 548 US ___, 126 S Ct 2378,

2385 (2006).

iii

**STATEMENT OF THE FACTS**

This is a *pro se* prisoner civil rights action under 42 USC § 1983.  Plaintiff complains of inadequate medical treatment after injuring his shoulder in a prison sporting event.

The Court dismissed this suit *sua sponte* on April 11, 2006 under the total exhaustion rule.  [Opinion and Order of Summary Dismissal, D/E #6].  This Court held that "plaintiff failed to name any of the defendants that he wishes to sue in his Step I grievance."  [Opinion and Order of Summary Dismissal, D/E #6, page 4].

The Supreme Court then recently held that total exhaustion is not the law, and exhaustion is an affirmative defense, not a pleading requirement, in *Jones v Bock*, 127 S Ct 910 (2007).  Because the Court here had dismissed this complaint *sue sponte*, the Sixth Circuit reversed under *Jones*.  [D/E #17].

Defendants MDOC, George Pramstaller, and Richard Russell were served via waiver on August 21, 2007.  Defendant Bureau of Health Care Services was served via waiver on September 12, 2007.

In his complaint, Plaintiff alleges that he was injured during a prison sporting event on September 12, 2005 at 6:45 pm.  [Complaint, D/E #1, ¶ 20].  Health care refused to see him until 8:15 pm.  [Complaint, ¶ 26].  He was not sent to the hospital until 10:15 pm.  [Complaint, ¶ 27].  He was discharged from the hospital; he had AC separation; the doctor said it should heal well if protected and recommended an appointment with an orthopedic specialist.  [Complaint, ¶ 28].  Upon returning to the prison, Plaintiff was placed on medical lay-in for two weeks.  [Complaint, ¶ 29].  Plaintiff claims to have written a health care request on September 28 explaining that he was in pain; he wrote again on October 6 asking when he would be seen.  [Complaint, ¶ 30, 31].  Plaintiff was seen for his annual health screen on October 12, 2005; the nurse set up an appointment with the doctor for October 21; he was also given Extra Strength Tylenol 500s.

1

[Complaint, ¶ 32].  Plaintiff had an x-ray of his shoulder taken on October 25; he received the radiology report on October 26, showing progression of the damage in his shoulder.  [Complaint, ¶ 34, 35].  On December 1, 2005, Plaintiff was seen by an orthopedic specialist, who told Plaintiff that he would have headaches until his shoulder was fixed.  [Complaint, ¶ 37].  Plaintiff had not received the operation as of January 10, 2006.  [Complaint, ¶ 42].

Plaintiff has pursued six grievances through step three since his shoulder injury.  [*See* Grievance Inquiry Screen, attached as Exhibit A].  Of those grievances, only NRF-05-10-1256-12d1 grieves the issues involved in this suit.  [Grievance NRF-05-10-1256-12d1, attached as Exhibit B].  Plaintiff's other grievances relate to his pain while urinating, a missing money order, a persistent rash, a broken finger, and his desire for a job.  [See exhibits D-H].  In NRF-05-10-1256-12d1 step one, filed October 13, 2005, Plaintiff did not name any of the Defendants to this action.  [Exhibit B, page 4].

## ARGUMENT

I.  **This action should be dismissed because Plaintiff did not name any of the Defendants in his grievance.**

Before bringing suit, a prisoner must first exhaust available administrative remedies.[1] The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[2]

---

[1] 42 USC § 1997e(a) (2004); *Burton v Jones,* 321 F3d 569, 574 (CA 6, 2003); *Curry v Scott,* 249 F3d 493 (CA 6, 2001).

[2] 42 USC § 1997e(a) (2004).

The PLRA requires *proper* exhaustion; this "means using all steps that the agency holds out, and doing so *properly*."[3] "To properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules.'"[4] In *Jones v Bock*, the Supreme Court held that the PLRA does not require that a prisoner name all of the defendants in his grievances.[5] "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."[6] *Jones v Bock* was based on a previous version of MDOC Policy Directive 03.02.130 that did not require that prisoners list names of potential defendants in their grievances.[7]

The Michigan Department of Corrections (MDOC) has specific administrative procedures that prisoners must follow to exhaust their administrative remedies. MDOC Policy Directive 03.02.130 lays out a three-step process that prisoners must complete before being considered to have exhausted their claims.[8] There are specific rules in PD 03.02.130 (such as timeframes and content policies) that prisoners must follow, or else they face having their grievances rejected. Section T of PD 03.02.130 requires prisoners to include names of potential defendants in their grievances.

Plaintiff only filed one grievance relating to the issues in this suit. That grievance does not name any of the Defendants here. The fact that the MDOC did not reject Plaintiff's grievance for failing to name the Defendants is not an endorsement of the correctness of that grievance. Where a prisoner fails to name all of the potential defendants, the MDOC has no way of knowing that names have been left out until a prisoner names defendants in a lawsuit. It is the

---

[3] *Woodford v Ngo*, 548 US___, 126 S Ct 2378, 2385 (2006).

[4] *Jones v Bock*, 127 S Ct 910, 922 (2007) [quoting *Woodford v Ngo*, 548 US ___, 126 S Ct 2378, 2384 (2006)].

[5] *Jones v Bock*, 127 S Ct at 922.

[6] *Jones v Bock*, 127 S Ct at 923.

[7] *Jones v Bock*, 127 S Ct at 916 (discussing policy effective November 1, 2000).

3

prisoner, and not the prison, that is in the best position to determine who is accusing of wrongdoing with regard to any alleged incident.

Because MDOC policy requires Plaintiff to name potential Defendants in his grievances, and because Plaintiff did not name any Defendants, he has not exhausted any claims against those Defendants.  Any other holding would be contrary to the Supreme Court's decision that prison policy defines the grievance requirements of prisoners.

**II.      Any claims accruing after October 13, 2005 should be dismissed because Plaintiff did not file a grievance after that date.**

Plaintiff filed grievance NRF-05-10-1256-12d1 on October 13, 2005.  Any events that occurred after that date could not have been mentioned in his grievance, as those events would not yet have occurred.  Because those events could not have been listed in his grievance, and because Plaintiff did not file any subsequent grievances relating to the issues raised in this complaint, Plaintiff has not exhausted as to those events.  Any claims Plaintiff may have arising from any action or event occurring after October 13, 2005 should be dismissed for failure to exhaust administrative remedies.

**CONCLUSION AND RELIEF SOUGHT**

Plaintiff did not name the Defendants to this suit in any grievance regarding the issues raised herein.  He has therefore not exhausted as to any of the Defendants.  In addition, Plaintiff's only grievance on the issues in this suit was filed on October 13, 2005.  Any events occurring between that date and the time of filing of Plaintiff's complaint were not mentioned in any grievance; those issues are unexhausted.

---

[8] MDOC PD 03.02.130 (Effective December 19, 2003) (Attached) (Defendants' Exhibit C).

Defendants respectfully request that the Court grant their Motion for Summary Judgment and dismiss them from this suit.

Respectfully submitted,

Michael A. Cox
Attorney General

*s/ Clifton Schneider*_____
CLIFTON SCHNEIDER (P70582)
Assistant Attorney General
Corrections Division
PO Box 30217
Lansing, MI  48909
Email:  schneiderC1@michigan.gov
(517) 335-7021

Date:   October 22, 2007

## CERTIFICATE OF SERVICE

I certify that on **October 22, 2007**, I electronically filed  with the Clerk of the Court using the ECF system and I certify that Pam Pung has mailed by U.S. Postal Service the papers to the following non-ECF participant(s):

\*\*\*\*    Mark Reed, #151290
*In Pro Per*
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI  48623

*s/ Clifton Schneider*_____
CLIFTON SCHNEIDER (P70582)
Assistant Attorney General
Corrections Division
PO Box 30217
Lansing, MI  48909
Email:  schneiderC1@michigan.gov
(517) 335-7021

Bell\ 2007020636A/Reed/Exhaustion.Mot.Brief.E-Cert

5