UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK REED, #151290,

       Plaintiff,            Case No.: 06-CV-10934

                               DISTRICT JUDGE VICTORIA A ROBERTS
vs.                        MAGISTRATE JUDGE STEVEN D. PEPE

GEORGE PRAMSTALLER, RICHARD D. RUSSELL,
BUREAU OF HEALTH CARE MICHIGAN
DEPARTMENT OF CORRECTIONS, CAROLYNN DUBUC,
CORRECTIONAL MEDICAL SERVICES, INCORPORATED,
MICHIGAN DEPARTMENT OF CORRECTIONS, ANDREW JACKSON,
S. VADLAMUDI, JUSTINA NZUMS and RUTH INGRAM,

       Defendants.
_____/

**ORDER GRANTING DEFENDANT CORRECTIONAL MEDICAL SERVICES,
INCORPORATED'S MOTION FOR A PROTECTIVE ORDER (DKT. #46)**

On March 1, 2007, Plaintiff commenced this action, seeking relief under 42 U.S.C. § 1983 for violation of his civil rights while incarcerated in the Michigan Department of Corrections ("MDOC") system (Dkt. #1). In his Complaint, Plaintiff alleges that, while incarcerated at the Mound Correctional Facility, Defendant, Correctional Medical Services, Inc. ("CMS"), denied him appropriate medical care in violation of the Eighth Amendment of the Constitution (Dkt. #1, p. 5). Plaintiff seeks $10 million in compensatory and punitive damages from CMS, among other claims for relief (Dkt. #1, pp. 20-21).

On November 6, 2007, counsel for CMS sent Plaintiff a Stipulated Protective Order

1

("SPO") pursuant to Fed. R. Civ. P. 26(c), requesting that he sign the same (Dkt. #46, Ex. 1). The same correspondence was sent to Assistant Attorney General ("AAG") Clifton Schneider. *Id.* AAG Schneider responded with a request for entry of an alternative Stipulated Protective Order very similar to that proposed by CMS' counsel. *Id*. at Ex. 2. Counsel for CMS concurred with AAG Schneider's proposed SPO. *Id*. at Ex. 3. Plaintiff, however, has indicated in writing that he will not agree to the entry of any protective order in this matter. *Id*. at Ex. 4. He indicates that he will be using requested discovery to demonstrate to the jury that Defendants are deliberately indifferent to the needs of not just Plaintiff, but all prisoners within the MDOC. Plaintiff appears to believe, without explanation, that a protective order will not allow him to present documents marked as confidential to the jury. This is not the case.

On December 3, 2007, Defendant CMS filed its motion for a protective order sufficiently tailored to allow for the protection of the parties, while allowing for the free flow of discoverable information (Dkt. #46). All pretrial matters were referred on November 14, 2007, in accordance with the authority conferred in 28 U.S.C. § 636(b) (Dkt. #44). For the reasons indicated below, it is ordered that Defendant CMS's motion is **GRANTED**.

Fed. R. Civ. P. 26(c) grants broad discretion to trial judges in fashioning protective orders. *York v American Medical Systems, Inc*., 166 F3d 1216; 1998 WL 863790, *4 (6th Cir. 1998), citing *In re Eli Lilly & Co.*, 142 FRD 454, 456 (S.D. Ind. 1992). The Court may make any order which justice requires to protect a party from annoyance, oppression, or undue burden or expense. *Galaviz-Zamora v Brady Farms, Inc*., 230 FRD 499, 501 (W.D. Mich. 2005). The Court, in its discretion, is authorized by Rule 26(c) to fashion a set of limitations that allows as

much relevant material to be discovered as possible, while preventing unnecessary intrusions into the legitimate interests – including privacy and other confidentiality interests – that might be harmed by the release of the material sought. *Id.*

As noted above, Plaintiff has indicated that he will not enter into any type of protective order with the Defendants. The SPO submitted is the type of order within the scope permitted under Rule 26(c) as it is designed to protect Defendants from annoyance, oppression, unnecessary intrusions into their legitimate commercial and proprietary interests, and disclosure beyond the pending litigation. Moreover, it will not prevent Plaintiff from presenting admissible evidence to a jury.[1] Because the Proposed Alternative Protective Order has been narrowly tailored to allow for the protection of the parties, while allowing for the free flow of discoverable information, **IT IS ORDERED** that Defendant's motion is **GRANTED** and the Proposed Alternative Protective Order, attached to Defendant's motion as Exhibit 2, will be entered. Assistant Attorney General Clifton Schneider will provide by attachment to an e-mail a Word or WordPerfect copy of the Proposed Alternative Protective Order for entry to:

&lt;   Steven_pepe@mied.uscourts.gov   &gt;

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §

---

[1] The Proposed Alternate Protective Order specifically states that counsel and Plaintiff may disclose Confidential Material and Information to the following:

* * *

    d. The Court or persons performing a role in the administration of Court procedures in connection with this case, for purposes of such procedures, including motions, mediation, and settlement conference.

(Dkt. #46, Ex. 2, p. 2).

636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

**SO ORDERED**.

Date: December 27, 2007  
Flint, Michigan

s/Steven D. Pepe  
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 28, 2007.

s/ Alissa Greer  
Case Manager to Magistrate  
Judge Steven D. Pepe  
(734) 741-2298