UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARK REED, #151290,

             Plaintiff,                    Case No.: 06-CV-10934

                                         DISTRICT JUDGE VICTORIA A ROBERTS
vs.                                     MAGISTRATE JUDGE STEVEN D. PEPE


GEORGE PRAMSTALLER, RICHARD D. RUSSELL,
BUREAU OF HEALTH CARE MICHIGAN
DEPARTMENT OF CORRECTIONS, CAROLYNN DUBUC,
CORRECTIONAL MEDICAL SERVICES, INCORPORATED,
MICHIGAN DEPARTMENT OF CORRECTIONS, ANDREW JACKSON,
S. VADLAMUDI, JUSTINA NZUMS and RUTH INGRAM,


             Defendants.
_____/


**ORDER GRANTING IN PART DEFENDANT'S MOTION TO STAY DISCOVERY
(DKT. #57)
AND
ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (DKT. #65)**

       On March 1, 2007, Plaintiff commenced this action, seeking relief under 42 U.S.C.

§ 1983 for violations of his civil rights while incarcerated in the Michigan Department of

Corrections ("MDOC") system (Dkt. #1). In his Complaint, Plaintiff alleges that, while

incarcerated at the Mound Correctional Facility, Defendants denied him appropriate

medical care in violation of the Eighth Amendment of the Constitution (Dkt. #1, p. 5).[1] The Court dismissed this suit *sua sponte* on April 11, 2006, under the total exhaustion rule because "plaintiff failed to name any of the defendants that he wishes to sue in his Step I grievance" (Dkt. #6, p. 4). In light of the Supreme Court's decision in the matter of *Jones v. Bock*, --- U.S. ----, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) and because this Court had dismissed this Complaint *sue sponte*, the Sixth Circuit reversed and remanded for further proceedings in light of *Jones* (Dkt. #17). [2]

On January 15, 2008, Defendant Correctional Medical Services, Inc. ("CMS") filed a motion to stay discovery until this Court ruled on the pending dispositive motions (Dkt. #57). Plaintiff has also filed a January 28, 2008, motion to compel discovery (Dkt. #65). All pretrial matters were referred on November 14, 2007, in accordance with the authority conferred in 28 U.S.C. § 636(b) (Dkt. #44). In the separate Report and Recommendation issued this date, it is recommended this action be dismissed in its entirety against all Defendants.

---

[1] On August 23, 2007, this Court granted Plaintiff's motion for voluntary partial dismissal and motion to amend complaint (Dkt. #25). While an August 23, 2007, request to file an amended complaint appears on the docket (Dkt. #26), it does not appear that a amended complaint was ever filed. Nevertheless, it appears that the purpose of the proposed amended complaint was simply to remove two unknown Defendants from Plaintiff's original complaint, John and Jane Doe. From a review of the docket, it is apparent that these Defendants were terminated on August 23, 2007.

[2] *Jones v. Bock*, --- U.S. ----, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) held that: (1) failure to exhaust is an affirmative defense under the PLRA that does not need to be specially plead in a complaint; (2) exhaustion is not per se inadequate simply because a defendant was not named in the grievances; and (3) where a complaint contains both exhausted and unexhausted claims, the court should proceed with the exhausted claims while dismissing the unexhausted claims, rather than dismissing the complaint in its entirety.

None of the discovery sought by Plaintiff relates to the exhaustion question except his request for copies of grievances, complaints or other documents received by Defendants or their agents concerning his medical treatment. Accordingly, Defendant CMS's motion to stay discovery is **GRANTED IN PART** pending a ruling on that Report and Recommendation and Plaintiff's motion to compel is **GRANTED IN PART** without prejudice to renewal if the Report and Recommendation is not accepted.

Defendants shall provide Plaintiff on or before February 8 any grievances or complaints received by Defendants or their agents concerning the medical treatment discussed in his complaint that were not attached to Defendants' motion for summary judgment for failure to exhaust. Plaintiff can use any such documents in his objections to the Report and Recommendation issues today. If all such documents of which Defendants are aware were attached to Defendants' motion for summary judgment for failure to exhaust, a statement to that effect shall be provided Plaintiff.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**


Dated: January 30, 2008                    s/ Steven D. Pepe
Ann Arbor, MI                              United States Magistrate Judge

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing ***Order*** was served on the attorneys and/or parties of

record by electronic means or U.S. Mail on January 30, 2008.


<u>s/ Alissa Greer</u>
Case Manager to Magistrate
Judge Steven D. Pepe
(734) 741-2298