UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARK ANTHONY REED-BEY #151290,**

        Plaintiff(s),        CASE NUMBER: 06-10934
                                HONORABLE VICTORIA A. ROBERTS
**v.**

**GEORGE PRAMSTALLER,**
**RICHARD D. RUSSELL,**
**BUREAU OF HEALTH CARE**
**MICHIGAN DEPARTMENT OF CORRECTIONS,**
**CAROLYNN DuBUC,**
**CORRECTIONAL MEDICAL SERVICES, INC.,**
**MICHIGAN DEPARTMENT OF CORRECTIONS,**
**ANDREW JACKSON,**
**SEETHA VADLAMUDI,**
**JUSTINA NZUMS, and RUTH INGRAM**,

        Defendant(s).
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

This matter is before the Court on three motions: (1) Defendants George Pramstaller, Richard D. Russell, Bureau of Health Care Michigan Department of Corrections, and Michigan Department of Corrections' "Motion for Summary Judgment" (Doc. #42); (2) Defendant Correctional Medical Services, Inc.'s ("CMS") "Motion to Dismiss Plaintiff's Complaint" (Doc. #43); and (3) Defendant Seetha Vadlamudi's ("Dr. Vadlamudi") motion for summary judgment (Doc. #60). These motions were referred to Magistrate Judge Steven D. Pepe pursuant to 28 U.S.C. §636(b)(1)(B) for a Report and Recommendation ("R&R").

1

On January 30, 2008, Magistrate Pepe issued a R&R recommending that the Court GRANT all three motions and dismiss Plaintiff Mark Anthony Reed-Bey's ("Plaintiff") Complaint for failure to exhaust administrative remedies. (Doc. #68).

Plaintiff objects. He says: (1) he exhausted all available remedies; and (2) the Magistrate misapplied *Jones v. Bock*, 127 S.Ct. 910 (2007).

Plaintiff also objects to the Magistrate's Order granting in part CMS's motion to stay discovery. But, the Court only addresses Plaintiff's objections to the R&R; CMS's motion to stay discovery is not before the Court.

For the following reasons, the Court **ADOPTS** the R&R.

## II. BACKGROUND

Plaintiff injured his shoulder on September 12, 2005 during a prison sporting event. On October 12, 2005, Defendant Justina Nzums ("Nurse Nzums") scheduled an appointment for Plaintiff to see Dr. Vadlamudi. Plaintiff says Dr. Vadlamudi did not want to see him on October 21, 2005 (the scheduled day). She did not see him until December 2, 2005.

On March 1, 2006, Plaintiff filed a Complaint pursuant to 42 U.S.C. §1983 alleging medical malpractice and a violation of the Eighth Amendment. On April 11, 2006, the Court summarily dismissed Plaintiff's Complaint for failure to exhaust administrative remedies because Plaintiff did not name all of the Defendants in any of his grievances.

On April 30, 2007, the Sixth Circuit Court of Appeals issued an Order that said prisoners are not required to name defendants on grievance forms under either

Michigan Department of Corrections ("MDOC") policy or the Prison Litigation and Reform Act ("PLRA"). *See Jones v. Bock*, 127 S.Ct. at 922-23. The Sixth Circuit vacated the Court's judgment and remanded the case for further proceedings in light of *Jones*.

## III. ANALYSIS

### A. Failure to Exhaust Administrative Remedies

The exhaustion provision of the PLRA says, "No action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). A prisoner must comply with a system's critical procedural rules to "properly exhaust" a claim. *Woodford v. Ngo*, 126 S.Ct. 2378, 2388 (2006). This requirement was clarified in *Jones*:

> Compliance with prison grievance procedures . . . is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 127 S.Ct. at 922-23. Because MDOC Policy Directive 03.02.130 did not require a prisoner to "name all defendants" when filing grievances, the *Jones* Court held this was not necessary to comply with the exhaustion provision. *Id.*

However, *Jones* was based on MDOC Policy Directive 03.02.130 effective November 1, 2000. *Id.* at 916. As the Supreme Court notes, the MDOC revised this directive effective December 19, 2003. *Id.* The new directive governs Plaintiff's action; his grievance was filed on October 10, 2005.

According to the new Policy Directive, "Information provided [on grievance forms] shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 at ¶ T. (Emphasis in original).

Plaintiff's claims against Defendants George Pramstaller, Richard D. Russell, Bureau of Health Care Michigan Department of Corrections, CMS, and the MDOC are dismissed. He did not name these Defendants on any grievance forms.

The Court also dismisses Plaintiff's claims against Dr. Vadlamudi and Nurse Nzums even though they are named in the Step II grievance form. Plaintiff's Step I grievance is dated October 10, 2005, but he alleges wrongdoing against these Defendants beginning October 12, 2005. Thus, Dr. Vadlamudi and Nurse Nzums were not involved in the issue Plaintiff grieved in Step I. Because Plaintiff must begin the grievance process against these Defendants at Step I, he failed to exhaust his administrative remedies against Dr. Vadlamudi and Nurse Nzums. *See* MDOC Policy Directive 03.02.130 at ¶R (stating the grievance process).

### B. *Sua Sponte* Dismissal

Defendants Carolynn DuBuc, Andrew Jackson, and Ruth Ingram did not file a motion for summary judgment, but the Court *sua sponte* dismisses Plaintiff's claims against these Defendants pursuant to Fed. R. Civ. P. 12(h)(3).

### IV. CONCLUSION

The Court **ADOPTS** the Magistrate's recommendation.

**IT IS ORDERED**.

                                                          s/Victoria A. Roberts
                                                         Victoria A. Roberts
                                                         United States District Judge

Dated: May 21, 2008

---

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiff by electronic means or U.S. Mail on May 21, 2008.

s/Carol A. Pinegar
Deputy Clerk

---