UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY,   CIVIL NO. 2:06-CV-10934

    Plaintiff,   DISTRICT JUDGE VICTORIA A. ROBERTS
vs.   MAGISTRATE JUDGE STEVEN D. PEPE

GEORGE PRAMSTALLER, ET AL,

    Defendant.
_____/

**REPORT AND RECOMMENDATION DENYING
PLAINTIFF'S MOTION FOR CERTIFICATE OF APPEALABILITY (Dkt. #82)**

  Plaintiff Mark Anthony Reed-Bey, a Michigan state prisoner, filed a complaint under 42 U.S.C. § 1983, alleging Defendants denied him medical treatment for an injured shoulder. On May 21, 2008, Judge Roberts issued an order adopting the undersigned's Report and Recommendation and dismissing the Complaint without prejudice because Plaintiff failed to exhaust administrative remedies (Dkt. #78). Plaintiff filed a Notice of Appeal on June 9, 2008 (Dkt. #80). Plaintiff then filed a Motion for Certificate of Appealability (Dkt. #82). This motion was referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (Dkt. #83). For the reasons indicated below, it is **RECOMMENDED** that Plaintiff's motion be **DENIED**.

  Under the Antiterrorism and Effective Death Penalty Act of 1996, a Certificate of Appealability is required to appeal a judgment in a habeas corpus action where the detention complained of arises out of a state court process. 28 U.S.C. § 2253(c)(1). A Certificate of Appealability, however, is not required to appeal from an order denying relief in a § 1983 action.

1

*Johnson v. CCA-Northeast Ohio Correctional Center*, 21 Fed. Appx. 330, 332 (6th Cir. 2001); *See also*, *Hagopian v. Smith,* No. 05-CV-74025, slip op (E.D. Mich. Dec. 12, 2006) (denying plaintiff's motion for certificate of appealability in a §1983 action as unnecessary).

Therefore, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion for Certificate of Appealability as unnecessary. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: July 7, 2008                                              s/Steven D. Pepe
Ann Arbor, Michigan                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Report and Recommendation* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 7, 2008.

                    s/ Alissa Greer
                    Case Manager to Magistrate
                    Judge Steven D. Pepe
                    (734) 741-2298