# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK ANTHONY REED-BEY;

    Plaintiff,                                   Civil Action No. 06-10934
v.                                           HONORABLE VICTORIA A. ROBERTS
                                              UNITED STATES DISTRICT COURT

GEORGE PRAMSTALLER, et. al.

    Defendants,
_____/

## OPINION AND ORDER DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION TO REINSTATE APPEAL AND THE MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

On May 21, 2008, the Court dismissed Plaintiff's civil rights complaint which had been brought pursuant to 42 U.S.C. 1983 because Plaintiff had failed to exhaust his administrative remedies with respect to his claims. On June 9, 2008, Plaintiff filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit. On July 28, 2008, the appeal was dismissed for want of prosecution because Plaintiff had failed to timely file an application to proceed *in forma pauperis* with the Sixth Circuit. *Reed-Bey v. Pramstaller, et. al.,* U.S.C.A. No. 08-1774 (6th Cir. July 28, 2008). Plaintiff has now filed a motion to reinstate the appeal and a motion to proceed *in forma pauperis* with this Court. For the reasons stated below, the Court will order the Clerk of the Court to transfer these motions to the United States Court of Appeals for the Sixth Circuit.

It is well settled that the filing of a notice of appeal transfers jurisdiction over the

1

merits of the appeal to the appellate court. *Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Because the filing of a notice of appeal transfers jurisdiction over a case from the district court to the court of appeals, the power to reinstate an appeal previously dismissed for failure to prosecute lies with the court of appeals, not the district court. *See U.S. v. Winterhalder,* 724 F. 2d 109, 111 (10th Cir. 1983); *Williams v. United States*, 307 F.2d 366, 368 (9th Cir. 1962). Likewise, Plaintiff's notice of appeal divests this Court of jurisdiction to consider his motion that he be permitted to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, Plaintiff's motions to reinstate the appeal and to proceed *in forma pauperis* on appeal would be more appropriately addressed to the Sixth Circuit.

A district court has the discretion, pursuant to 28 U.S.C. § 1631, to transfer a case improperly filed in the district, in the interests of justice, and can do so even if a transfer is not requested by either party. *Phillips v. Seiter,* 173 F. 3d 609, 610 (7th Cir. 1999). Because Plaintiff is proceeding *pro se*, this Court believes that it would be in the interests of justice to transfer Plaintiff's motions and their supporting documents to the United States Court of Appeals for the Sixth Circuit for their determination.

The Court will therefore order that the Clerk of the Court transfer Plaintiff's Motion to Reinstate Appeal to the Sixth Circuit Court of Appeals [Dkt. # 90], the Motion

to Proceed In Forma Pauperis on Appeal [Dkt. # 91], the Affidavit in Support of Motion to Proceed In Forma Pauperis [Dkt. # 92], and the Application to Proceed Without Prepayment of Fees or Costs [Dkt. # 94] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 30, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Mark Anthony Reed-Bey by electronic means or U.S. Mail on October 30, 2008.

s/Carol A. Pinegar
Deputy Clerk