UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK REED, #151290,

          Plaintiff,

v

GEORGE PRAMSTALLER, *et al.*,

          Defendants.

NO. 2:06-cv-10934

HONORABLE VICTORIA A. ROBERTS

| | |
|---|---|
| Mark Reed, #151290<br>Michigan Reformatory<br>1342 West Main<br>Ionia, MI 48623 | John L. Thurber (P44989)<br>Assistant Attorney General<br>Attorney for Defendants<br>PO Box 30217<br>Lansing, MI  48909<br>(517) 335-7021<br><br>James T. Mellon (P23876)<br>Mellon, McCarthy & Pries, P.C.<br>Attorneys for Defendant CMS<br>2301 West Big Beaver Road, Suite 500<br>Troy, MI  48084<br>(248) 649-1330 |

**DEFENDANT RUSSELL'S RULE 56(b)**
**MOTION FOR SUMMARY JUDGMENT**

Defendant, Richard Russell, brings this motion under Fed. R. Civ. P. 56(b), and asks this

Court to enter an Order dismissing Reed's Complaint and granting summary judgment, with

prejudice, in his favor, based on the grounds set forth in the accompanying brief.

Respectfully submitted,

Michael A. Cox
Attorney General

*/s/ John L. Thurber*_____
Assistant Attorney General
Attorney for MDOC Defendants
P. O. Box 30217
Lansing, MI 48909
Dated:  August 4, 2010        (517) 335-7021
thurberj@michigan.gov
P44989

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK REED, #151290,

               Plaintiff,

v

GEORGE PRAMSTALLER, *et al.*,

               Defendants.

NO. 2:06-cv-10934

HONORABLE VICTORIA A. ROBERTS

| | |
|---|---|
| Mark Reed, #151290<br>Michigan Reformatory<br>1342 West Main<br>Ionia, MI 48623 | John L. Thurber (P44989)<br>Assistant Attorney General<br>Attorney for Defendants<br>PO Box 30217<br>Lansing, MI  48909<br>(517) 335-7021<br><br>James T. Mellon (P23876)<br>Mellon, McCarthy & Pries, P.C.<br>Attorneys for Defendant CMS<br>2301 West Big Beaver Road, Suite 500<br>Troy, MI  48084<br>(248) 649-1330 |

## BRIEF IN SUPPORT OF DEFENDANT RUSSELL'S
## RULE 56(B) MOTION FOR SUMMARY JUDGMENT

Michael A. Cox
Attorney General

/s/ John L. Thurber
Assistant Attorney General
Attorneys for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-7021
thurberj@michigan.gov
P44989

Dated:  August 4, 2010

## **Table of Contents**

Page

Index of Authorities…………………………………………………………………………ii

Concise Statement of Issues Presented……………………………………………………..iv

Controlling or Most Appropriate Authority……………………………………………...v

Statement of Facts…………………………………………………………………………...1

Argument…………………………………………………………………………………….1

I.      Russell is entitled to qualified immunity from Reed's Eighth Amendment claim
        because his actions did not amount to a constitutional violation nor did he violate
        clearly established law……………………………………………………………….1

II.     If this Court dismisses Reed's federal claims against Russell, it should dismiss
        his supplemental state law claim for malpractice without prejudice pursuant to
        28 USC §1367(c)(3)………………………………………………………………….4

III.    This Court should dismiss Reed's gross negligence claim against Russell with
        prejudice because his actions were not the proximate cause of Reed's injuries…………..4

Conclusion and Relief Sought……………………………………………………………….8

## Index of Authorities

Cases                                                                                   Page

*Bass v. Robinson*,
   167 F. 3d 1041 (6th Cir. 1999)……………………………………………………………….2, 3

*Bellamy v. Bradley,*
   729 F. 2d 416 (6th Cir. 1984) ................................................................................ 3

*Combs v. Wilkinson*,
   315 F. 3d 548 (6th Cir. 2002) ................................................................................ 2

*Copeland v. Machulis*,
   57 F. 3d 476 (6th Cir. 1995) ................................................................................. 2

*Estelle v. Gamble*,
   429 U.S. 97 (1976)................................................................................................... 3

*Farmer v. Brennan*,
   511 U.S. 825 (1994)................................................................................................. 3

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982)................................................................................................ 1

*Livermore v. Lubelan,*
   476 F. 3d 397 (6th Cir. 2007) ................................................................................ 7

*Monell v. Department of Social Services,*
   436 U. S. 639 (1978)………………………………………………………………………2

*Pearson v Callahan*,
   ___ U.S. ___; 172 L. Ed. 2d 565; 129 S. Ct. 808 (2009)........................................ 2

*Rich v. City of Mayfield Heights*,
   955 F. 2d 1092 (6th Cir. 1992) .............................................................................. 1

*Roberts v City of Troy*,
   773 F. 2d 720 (6th Cir. 1985) ................................................................................ 4

*Robinson v. City of Detroit*,
   462 Mich. 439 (2000) .............................................................................................. 7

*Salehpour v. University of Tennessee*,
   159 F. 3d 199 (6th Cir. 1998) ................................................................................ 2

*Saucier v. Katz*,
   533 U.S. 194 (2001)…………………………………………………………….....1, 2

*Shehee v. Luttrell*,
   199 F. 3d 295 (6th Cir. 1999) ............................................................................................... 3

Other:

MCL 691.1407 ........................................................................................................................... 5

28 U.S.C. § 1367(c)(3)……………………………………………………………………….4

**Concise Statement of Issues Presented**

I.      Government officials acting within the scope of their authority are entitled to
        qualified immunity as long as their conduct does not violate clearly established law.
        Russell is entitled to qualified immunity from Reed's Eighth Amendment claim
        because his actions did not amount to a constitutional violation nor did he violate
        clearly established law.  Consequently, should this Court dismiss Reed's Eighth
        Amendment claim for money damages?

II.     28 USC § 1367(c)(3) permits this Court to decline supplemental jurisdiction if it
        dismisses the claims over which it has original jurisdiction.  Assuming this Court
        dismisses Reed's Eighth Amendment claim, should it dismiss his state law
        malpractice claim without prejudice?

III.    Under Michigan law, state employees are generally immune from liability for
        tortuous conduct except when their conduct amounts to gross negligence and
        is the proximate cause of a party's injuries.  Russell played no role in Reed's
        medical treatment.  Accordingly, should this Court dismiss Reed's state law
        claim against Russell because his actions were not the proximate cause of
        Reed's injuries?

iv

## Controlling or Most Appropriate Authority

*Copeland v. Machulis*, 57 F. 3d 476 (6th Cir. 1995)

*Pearson v Callahan*, ___ U.S. ___; 172 L. Ed. 2d 565; 129 S. Ct. 808 (2009)

*Robinson v. City of Detroit*, 462 Mich. 439 (2000)

MCL 691.1407

**Statement of Facts**

Defendant Richard Russell was the Administrator of the Bureau of Health Care Services (BHCS) for the Michigan Department of Corrections (MDOC). Russell assumed that position on April 1, 2003 (Exhibit 1). He left that position on April 1, 2007. Currently, he is an Administrative Assistant in the Office of Legal Affairs for the MDOC.

Reed alleges in his Complaint that Russell's actions violated his rights under the Eighth and Fourteenth Amendments [D/E #1, pp 1-2]. Reed also makes reference to a supplemental state law claim for medical malpractice. Specifically, Reed claims that he injured his right shoulder on September 12, 2005, while he was housed at the Mound Correctional Facility.

**Argument**

I.     **Russell is entitled to qualified immunity from Reed's Eighth Amendment claim because his actions did not amount to a constitutional violation nor did he violate clearly established law.**

Russell maintains that he is entitled to qualified immunity.

Government officials acting within the scope of their authority are entitled to qualified immunity as long as their conduct does "[N]ot violate clearly established statutory or constitutional rights of which a reasonable person would have known."[1] It is Reed's duty in this case to show that Russell is not entitled to qualified immunity.[2]

There is a two-prong test to determine whether a governmental official is entitled to qualified immunity.[3] First, did the official's conduct violate a constitutional right? If the answer is no, then the inquiry is over. If the answer is yes, then this Court must determine whether the contours of the right were "[S]ufficiently clear that a reasonable official would understand that

---

[1] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).
[2] *Rich v. City of Mayfield Heights*, 955 F. 2d 1092, 1095 (6th Cir. 1992).
[3] *Saucier v. Katz*, 533 U.S. 194 (2001).

1

what he is doing violates that right."[4]  The Supreme Court altered the *Saucier* test in 2009 and held that courts do not have to adhere the rigid two step analysis set forth in *Saucier*.[5]  Now, a court may answer the question of whether a right was clearly established first.  While *Pearson* altered the order in which courts may consider a question of qualified immunity, the general framework of *Saucier* remains intact.

It is Russell's position that Reed's claim fails the first prong of the test.  Russell did not have sufficient personal involvement to be held liable under the Eighth Amendment.  Russell could not possibly have played any direct role in Reed's medical treatment (Exhibit 1).  Reed's claim is based on nothing more than a theory of *respondeat superior*.  A theory of *respondeat superior* is insufficient to state a claim under Section 1983.[6]

The Sixth Circuit has held that for supervisory liability to attach, a plaintiff must prove the official "[D]id more than play a passive role in the alleged violation or showed mere tacit

---

[4] *Saucier*, 533 U. S. at 202.
[5] *Pearson v Callahan*, ___ U.S. ___; 172 L. Ed. 2d 565; 129 S. Ct. 808 (2009).
[6] *Monell v. Department of Social Services*, 436 U. S. 639, 691 (1978); *Combs v. Wilkinson*, 315 F. 3d 548, 557-58 (6th Cir. 2002).

2

approval of the goings on."[7]  Supervisory liability cannot be "[B]ased upon a mere failure to act."[8]  Rather, "[T]he liability must be based upon active unconstitutional behavior."[9]

Essentially, in his Complaint Reed seeks to impose liability on Russell because he was the Administrator of the BHCS.  The Sixth Circuit has held that "Liability under this theory must be premised upon more than the right to control employees and cannot be based upon simple negligence."[10]  As the Administrator, Russell was not personally responsible for Reed's medical care (Exhibit 1).  Russell's affidavit makes clear that he had no contact with Reed prior to this lawsuit (Exhibit 1).

Minimally, Reed must establish that Russell condoned, encouraged or knowingly acquiesced in unconstitutional misconduct.[11]  The Sixth Circuit held in *Bass v Robinson*:[12]

> Supervisory liability under § 1983 cannot attach where the allegation is based upon a mere failure to act.  Instead, the liability must be based upon active unconstitutional behavior.  Liability under this theory must be based upon more than a mere right to control employees and cannot be based upon simple negligence.

---

[7] *Bass v. Robinson*, 167 F. 3d 1041, 1048 (6th Cir. 1999).

[8] *Salehpour v. University of Tennessee*, 159 F. 3d 199, 206 (6th Cir. 1998).

[9] *Salehpour*, 159 F. 3d at 206.

[10] *Copeland v. Machulis*, 57 F. 3d 476, 481 (6th Cir. 1995).

[11] *Bellamy v. Bradley,* 729 F. 2d 416, 421 (6th Cir. 1984).

[12] *Bass*, 167 F. 3d at 1048.

3

Put another way:[13]

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some way directly participated in it.

Russell played no role in Reed's medical care other than being a supervisor. Ultimately, Reed must establish that Russell acted with deliberate indifference towards him.[14] Under *Farmer v Brennan*[15], [A] prison official cannot be found liable under the Eighth Amendment for damages for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

There is no way that Reed can show deliberate indifference in this case. Since Russell was not even aware of Reed until he filed this lawsuit, how could he have known Reed faced a substantial risk of serious harm? Accordingly, this Court must dismiss Reed's Eighth Amendment claim because he has not shown that Russell violated his constitutional rights.

If this Court determines that Russell did violate Reed's constitutional rights, he is, nevertheless, entitled to qualified immunity because he did not violate clearly established law. Russell submits that it was not clearly established in 2005 that someone in his position as Administrator could be liable for medical decisions made by individuals underneath him. To be liable, Russell would have had to played an active role in Reed's medical care. In light of the foregoing, Russell is entitled to qualified immunity as to Reed's Eighth Amendment claim against him.

---

[13] *Shehee v. Luttrell*, 199 F. 3d 295, 300 (6th Cir. 1999).

[14] *Farmer v. Brennan*, 511 U.S. 825 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[15] *Farmer*, 511 U.S. at 837.

Since Reed is incarcerated and not a pretrial detainee this Court should dismiss his

Fourteenth Amendment claim against Russell.[16]

**I.      If this Court dismisses Reed's federal claims against Russell, it should dismiss his supplemental state law claim for malpractice without prejudice pursuant to 28 USC § 1367(c)(3).**

In the Preliminary Statement of his Complaint, Reed alleges Russell committed

malpractice.  That claim is without merit.

Pursuant to 28 U.S.C. § 1367(c)(3), this Court may decline supplemental jurisdiction if

"[T]he district court has dismissed all claims over which it has original jurisdiction."  If this

Court dismisses Reed's Eighth Amendment claim, it should dismiss his state law claim without

prejudice.

**II.     This Court should dismiss Reed's gross negligence claim against Russell with prejudice because his actions were not the proximate cause of Reed's injuries.**

If this Court does not dismiss Reed's state law claim based on 28 U.S.C. § 1367(c)(3), it

should dismiss it on the merits.

Generally, state actors are immune from liability for tortious conduct.  However, MCL

691.1407 carves out an exception to that rule when a state actor's conduct rises to the level of

gross negligence.

MCL 691.1407 provides in pertinent part:

Immunity from tort liability; intentional torts; immunity of judge, legislator,
official, and guardian ad litem; definitions.
        Sec. 7. (1) Except as otherwise provided in this act, a governmental
agency is immune from tort liability if the governmental agency is engaged in the
exercise or discharge of a governmental function.  Except as otherwise provided
in this act, this act does not modify or restrict the immunity of the state from tort
liability as it existed before July 1, 1965, which immunity is affirmed.

        (2) Except as otherwise provided in this section, and without regard to the

---

[16] *Roberts v City of Troy*, 773 F. 2d 720, 723 (6th Cir. 1985).

discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

(3) Subsection (2) does not alter the law of intentional torts as it existed before July 7, 1986.

(4) This act does not grant immunity to a governmental agency or an employee or agent of a governmental agency with respect to providing medical care or treatment to a patient, except medical care or treatment provided to a patient in a hospital owned or operated by the department of community health or a hospital owned or operated by the department of corrections and except care or treatment provided by an uncompensated search and rescue operation medical assistant or tactical operation medical assistant.

(5) A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.

(6) A guardian ad litem is immune from civil liability for an injury to a person or damage to property if he or she is acting within the scope of his or her authority as guardian ad litem. This subsection applies to actions filed before, on, or after May 1, 1996.
(7) As used in this section:

(a) "Gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

6

(b) "Search and rescue operation" means an action by a governmental agency to search for, rescue, or recover victims of a natural or manmade disaster, accident, or emergency on land or water.

(c) "Search and rescue operation medical assistant" means an individual licensed to practice 1 or more of the occupations listed in subdivision (e), acting within the scope of the license, and assisting a governmental agency in a search and rescue operation.

(d) "Tactical operation" means a coordinated, planned action by a special operations, weapons, or response team of a law enforcement agency that is 1 of the following:

> (i)  Taken to deal with imminent violence, a riot, an act of terrorism, or a similar civic emergency.

> (ii)  The entry into a building, area, watercraft, aircraft, land vehicle, or body of water to seize evidence, or to arrest an individual for a felony, under the authority of a warrant issued by a court.

> (iii)  Training for the team.

(e) "Tactical operation medical assistant" means an individual licensed to practice 1 or more of the following, acting within the scope of the license, and assisting law enforcement officers while they are engaged in a tactical operation:

> (i)  Medicine, osteopathic medicine and surgery, or as a registered professional nurse, under article 15 of the public health code, 1978 PA 368, MCL 333.16101 to 333.18838

.

> (ii)  As an emergency medical technician, emergency medical technician specialist, or paramedic under part 209 of the public health code, 1978 PA 368, MCL 333.20901 to 333.20979.

Reed's claim must fail because Russell's conduct was not the proximate cause of his injuries.  (Emphasis added).  In *Robinson v City of Detroit*, the Supreme Court held that individual police officers were not "the proximate cause" of the plaintiff's injuries.[17]  The Court defined the proximate cause as "[T]he one most immediate, efficient, and direct cause preceding

---

[17] *Robinson v. City of Detroit*, 462 Mich. 439, 445-46 (2000).

an injury, not 'a proximate cause'."[18]   Recently, the Sixth Circuit observed in a case involving a

police shooting:[19]

> [W]e conclude that the proximate cause of Rohm's death was not Lt. Ellsworth's
> conduct, but rather Rohm's decision to disregard his promise to surrender
> unarmed and to set fire to his residence.  Because Lt. Ellsworth's conduct was not
> the proximate cause of Rohm's death, he is immune from Livermore's claim of
> gross negligence pursuant to *Mich. Comp. Law § 691.1407(2)(c).*

Russell's actions as Administrator could not have been the proximate cause of Reed's

injuries.  He was far too removed from Reed to have been the proximate cause of his injuries.  If

the actions of a policeman involved in shooting a suspect were insufficient to state a claim for

gross negligence, then Russell's actions certainly cannot amount to gross negligence.  Thus,

Reed's state law claim for malpractice should be dismissed with prejudice.

---

[18] *Robinson,* 462 Mich. at 446.

[19] *Livermore v. Lubelan,* 476 F. 3d 397, 409 (6th Cir. 2007).

**Conclusion and Relief Sought**

WHEREFORE, Russell requests this Court to dismiss all of Reed's claims against him.

Respectfully submitted,

Michael A. Cox
Attorney General

*/s/ John L. Thurber*_____
Assistant Attorney General
Attorneys for MDOC Defendants
Corrections Division
P. O. Box 30217
Lansing, MI 48909
(517) 335-7021
Dated:  August 4, 2010                    thurberj@michigan.gov
P44989

JLTCases/2007-020636A/Mot & Brf for SJ 8-4-10

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2010, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF System and I hereby certify that I have mailed by US Postal Service the document to the involved non-participant.

*/s/ John L. Thurber*
Corrections Division
P. O. Box 30217
Lansing, MI 48909
(517) 335-7021
thurberj@michigan.gov
P44989

9