UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARK ANTHONY REED-BEY # 151290,**

        **Plaintiff,**        CASE NUMBER: 06-10934
                                    HONORABLE VICTORIA A. ROBERTS

v.

**GEORGE PRAMSTALLER,
RICHARD D. RUSSELL,
BUREAU OF HEALTH CARE
MICHIGAN DEPARTMENT OF CORRECTIONS,
CAROLYNN DuBUC,
CORRECTIONAL MEDICAL SERVICES, INC.,
MICHIGAN DEPARTMENT OF CORRECTIONS,
ANDREW JACKSON,
SEETHA VADLAMUDI,
JUSTINA NZUMMS, and RUTH INGRAM**

        **Defendants.**
_____/

## ORDER

Plaintiff, Mark Anthony Reed-Bey, filed an Affidavit Requesting Recusal pursuant to 28 U.S.C. §§ 144 and 455, which the Court treats as a motion asking the Court to recuse itself.

Reed-Bey's motion is **DENIED.**

28 U.S.C. §§ 144 and 455 govern judicial recusal for bias or prejudice against, or in favor of, one party to a proceeding. Pursuant to § 144 a party must submit a sufficient affidavit, "not less than ten days before the beginning of the term at which the proceeding is to be heard," that the judge before whom the proceeding is pending "has a personal bias or prejudice either against him or in favor of any adverse party."

1

Pursuant to § 455(a), a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Section 455(b) lists five circumstances in which a judge must disqualify herself. Pursuant to § 455(b)(1), a judge must disqualify herself "[w]here [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

Reed-Bey bases his request for recusal on the court's legal opinions, which he says have been largely unfavorable to him, including its orders granting summary judgment to various defendants and regulating discovery. He says the Court's "ruling[s] in this matter [have] shown that [it] can't be unbias[ed] and impartial and [has not] been." (Plaintiff's Affidavit Requesting Recusal at 7).

Reed-Bey's recusal affidavit under § 144 may be insufficient. Reed-Bey did not include a certificate of counsel of record stating that the affidavit was made in good faith, as required by the statute. 28 U.S.C. § 144. Reed-Bey proceeds without counsel, which arguably waives this requirement. However, the Fifth Circuit requires a *pro se* litigant to sign a certificate of good faith himself to meet the technical requirements of § 144. *Parker v. Bd. of Supervisors Univ. of Louisiana-Lafayette*, No. 07-31080, 270 Fed.Appx. 314, 2008 WL 724600, at *6 (5th Cir. Mar. 18, 2008).

Other courts' treatment of the issue varies. *See*, *e.g.*, *Melvin v. Social Sec. Admin.*, No. 5:09-235, 2010 WL 3743543, at *2 (E.D.N.C. Sept. 14, 2010) (addressing the merits of a *pro se* plaintiff's § 144 recusal motion "in the spirit of liberality afforded to *pro se* litigants" but stating the plain language of the statute precludes a *pro se* plaintiff from bringing such a motion without a certificate of good faith signed by a member of the bar); *Buckenberger v. Reed*, No. 06-7393, 2010 WL 3523021, at *1-*2 (E.D.La. Aug.

31, 2010) (holding that the certification requirement precludes use, by *pro se* litigants, of § 144 as a means to seek recusal); *United States v. Rankin*, 1 F.Supp.2d 445, 450 (E.D.Pa. 1998) (holding that § 144 requires a member of the bar of the court to sign the certificate of good faith that accompanies the affidavit of a *pro se* movant).

The Sixth Circuit has not decided this issue, although it stated "[t]he requirements of § 144 are strictly construed to prevent abuse because the statute is heavily weighted in favor of recusal." *Scott v. Metro. Health Corp.*, Nos. 05-1948, 05-1942, 06-1122, 06-1652, 234 Fed. Appx. 341, 2007 WL 1028853, at * 9 (6th Cir. Apr. 3, 2007).  The Court finds that it need not resolve the issue of whether–and how–a *pro se* litigant can request recusal under § 144.  Reed-Bey's affidavit, even if considered, is legally insufficient to support disqualification under §§ 144 and 455.

Both statutes require a showing of "personal bias or prejudice" to support mandatory recusal.  The Sixth Circuit states:

> To warrant recusal of a district judge, a party must allege facts which a reasonable person would believe would indicate a judge has a personal bias against the party.  Judicial bias must be predicated on a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law.

*Taylor Acquisitions, L.L.C. v. City of Taylor*, No. 07-2242, 313 Fed.Appx. 826, 2009 WL 415993, at *11 (6th Cir. Feb. 19, 2009) (internal citations and quotation marks omitted).

To prevail on a recusal motion which alleges personal bias, a petitioner must show either extrajudicial bias or a "deep-seated unequivocal antagonism" toward the petitioner.  *Scott*, 2007 WL at * 16 (6th Cir. Apr. 3, 2007) (citing *Liteky v. United States*, 510 U.S. 540, 554-55 (1994)).  Ultimately, under § 455, a judge must recuse herself "if a reasonable, objective person, knowing all of the circumstances, would have questioned

3

the judge's impartiality." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citations and internal quotation marks omitted). "The standard is an objective one; hence, the judge need not recuse [herself] based on the subjective view of a party no matter how strongly that view is held." *Id.* (citation and internal quotation marks omitted).

"[Reed-Bey] does not allege any extrajudicial source, any association outside of the proceedings, or any basis other than what the [Court] learned from the case that justifies recusal." *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1252 (6th Cir. 1989). Reed-Bey's motion is based on his disagreement with this Court's legal rulings. These subjective views are not a proper basis for recusal. *See, e.g.*, *Taylor Acquisitions*, 2009 WL at *11 ("Notably absent are any facts that would support a finding of personal bias on the part of the judge. A party cannot establish bias simply because it is unhappy with a district judge's rulings."); *Klayman v. Judicial Watch, Inc.*, No. 06-670, — F.Supp.2d ----, 2010 WL 3998965, at * 9 (D.D.C. Oct. 13, 2010) ("Here, although Klayman complains that the court has ruled unfavorably against him, he has failed to identify with the required degree of particularity any extrajudicial source of bias related to the Court's ruling.... Accordingly, while his dissatisfaction with the Court's rulings may provide a proper ground for appeal, his mere disagreement with the Court's judicial rulings does not provide a proper ground for recusal.").

Further, the Court's rulings do not reveal "deep-seated unequivocal antagonism" toward Reed-Bey. "'[B]ias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it in for the party for reasons unrelated to the officer's view of the law, erroneous as that view might be.'" *Scott* , 2007 WL at *

4

16 (quoting *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989)); *see also Kemp v. United States*, No. 01-5825, 52 Fed.Appx. 731, 2002 WL 31805779, at * 3 (6th Cir. Dec. 10, 2002) ("Kemp is principally dissatisfied with the district court's rulings in his criminal case and during § 2255 proceedings. Judicial rulings will almost never serve as a valid basis for recusal and are most often simply grounds for appeal."); *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) ("[R]ecusal [under § 455(a)] cannot be based on decisions or rulings of a judge."); *S.E.C. v. Loving Spirit Found. Inc.*, 392 F.3d 486, 494 (D.C. Cir. 2004) ("[W]e have found no case where this or any other federal court recused a judge based only on his or her rulings.").

Reed-Bey fails to allege a personal bias as distinguished from a judicial one, as required by the recusal statutes. His motion is **DENIED.**

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 5, 2011

> The undersigned certifies that a copy of this document was served on the attorneys of record and Mark Anthony Reed-Bey by electronic means or U.S. Mail on January 5, 2011.
>
> s/Linda Vertriest
> Deputy Clerk