UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARK ANTHONY REED-BEY # 151290,**

        **Plaintiff,**         **CASE NUMBER: 06-10934**
                                **HONORABLE VICTORIA A. ROBERTS**

**v.**

**GEORGE PRAMSTALLER,**
**RICHARD D. RUSSELL,**
**BUREAU OF HEALTH CARE**
**MICHIGAN DEPARTMENT OF CORRECTIONS,**
**CAROLYNN DuBUC,**
**CORRECTIONAL MEDICAL SERVICES, INC.,**
**MICHIGAN DEPARTMENT OF CORRECTIONS,**
**ANDREW JACKSON,**
**SEETHA VADLAMUDI,**
**JUSTINA NZUMMS, and RUTH INGRAM**

        **Defendants.**
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY AN ORDER FOR INTERLOCUTORY APPEAL

On December 6, 2010, this Court entered an order granting summary judgment in favor of Defendants, Correctional Medical Services ("CMS"), George Pramstaller, and Richard Russell on Plaintiff Mark Anthony Reed-Bey's 42 U.S.C. § 1983 claim. (Doc. #126). On December 7, 2010, the Court denied Plaintiff's Motion for Appointment of Counsel. (Doc. #127).

This matter is now before the Court on Plaintiff's motion, pursuant to 28 U.S.C. § 1292(b), for certificate of appealability, which would allow Plaintiff to take an interlocutory appeal to the Sixth Circuit. The Court notes that Plaintiff's motion comes in

1

the form of a "Notice of Appeal," and he asks the Court to "give certification to file an interlocutory appeal in this matter, pursuant to 28 U.S.C. § 1291." (Doc. #135). Section 1291, however, establishes the jurisdiction of the courts of appeals; section 1292(b) relates to certification by the district courts of orders for interlocutory review by the courts of appeals.  Thus, the Court will treat Plaintiff's request as a motion for certification pursuant to § 1292(b).

Plaintiff's motion is **DENIED.**

28 U.S.C. § 1292(b) provides that certification for the immediate appeal of an otherwise non-appealable order is only appropriate "[w]hen a district judge...[is] of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...."  Interlocutory appeals in the federal system are disfavored. *JP Morgan Chase Bank v. First Am. Title Ins. Co.*, Nos. 09-14891, 09-14915, 725 F.Supp.2d 619, 624, 2010 WL 2720911, at * 5 (E.D. Mich. July 8, 2010). "'Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases while generally retaining for the federal courts a firm final judgment rule.'" *Id.* (quoting *Caterpillar v. Lewis*, 519 U.S. 61, 74 (1996)). The Sixth Circuit stated, in *In re City of Memphis*, "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." 293 F.3d 345, 350 (6th Cir. 2002).

This case is not "exceptional," and it does not warrant interlocutory review. Plaintiff has not satisfied any of the three criteria of § 1292(b).  He fails to articulate: (1) a controlling legal question; (2) substantial ground for difference of opinion regarding the

accuracy of the Court's decision; and (3) that an immediate appeal would materially advance the litigation. *See In re Baker & Getty Fin. Servs. Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992).

The Court's order granting summary judgment to Defendants involved mixed questions of fact and law. Several federal circuits have held that summary judgment orders are inappropriate for interlocutory review because § 1292(b) contemplates "pure" questions of law. *See Biegas v. Quickway Carriers*, *Inc.*, No. 05-73616, 2007 WL 1675140, at * 2 (E.D.Mich. June 11, 2007), and cases cited there.  In denying certification of interlocutory review of an order granting partial summary judgment, the *Biegas* court held, "[s]ince any Sixth Circuit review of this Court's grant of partial summary judgement to Defendants...would necessarily entail a review of the case's factual record before the panel could issue a decision, an interlocutory appeal would not be appropriate under this line of reasoning, which the Court finds is sound." 2007 WL at *2.  This Court agrees. Furthermore, Plaintiff's motion to have counsel appointed to him was a matter left to the sound discretion of this Court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987).  In *City of Memphis*, the Sixth Circuit stated "[a] legal question of the type envisioned in § 1292(b) [ ] generally does not include matters within the discretion of the trial court."  293 F.3d at 351.

Since: (1) the orders subject to Plaintiff's motion do not involve controlling questions of law; (2) Plaintiff does not identify any bases upon which this Court can conclude there is substantial difference of opinion on any of the issues decided in its orders and the court knows of none; and (3) immediate appeal will not materially advance termination of the litigation, Plaintiff's motion is **DENIED.**

**IT IS ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated: January 5, 2011**

| |
|---|
| **The undersigned certifies that a copy of this document was served on the attorneys of record and Mark Anthony Reed-Bey by electronic means or U.S. Mail on January 5, 2011.** <br><br> **s/Carol A. Pinegar** <br> **Deputy Clerk** |