UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY,

        Plaintiff,                      No. 06-10934

v.                                  District Judge Victoria A. Roberts
                                  Magistrate Judge R. Steven Whalen

GEORGE PRAMSTALLER, ET AL.,

        Defendants.

_____/

**ORDER**

Before the Court is Plaintiff's Motion for Leave to Take the Deposition of Herein Named Defendants and/or Essential Witnesses [Doc. #124]. Specifically, Plaintiff seeks to take the deposition of 11 witnesses.

On December 14, 2010, the Honorable Victoria A. Roberts denied this motion as moot, as it related to taking the deposition of a Correctional Medical Services ("CMS") agent, because CMS had been dismissed as a Defendant. As to the remaining witnesses, Judge Roberts ordered as follows:

> "The Court **HOLDS IN ABEYANCE** the motion as it pertains to other Defendants and witnesses, until counsel for Defendant Vadlamudi has had the opportunity to take Reed-Bey's deposition and the Court receives information on whether certain named Defendants have been properly served, as discussed at the December 10, 2010 telephone conference." [Doc. #132].

Also on December 14, 2010, Judge Roberts granted leave to Defendant Vadlamudi and others to depose the Plaintiff [Doc. #133]. Dr. Vadlamudi has therefore "had the opportunity" to take Plaintiff's deposition. The other Defendants have been served, with the exception of Justina Nzumms and Ruth Ingram.

Because they have not been served, the motion is DENIED as to Defendants Nzumms and Ingram. The motion is likewise DENIED as to the other Defendants and witnesses for more practical reasons, given that the Plaintiff is a *pro se* prison inmate who has been granted *in forma pauperis* status. He seeks to depose individuals far from where he is incarcerated, which would necessitate moving him about the State to conduct the depositions. In addition, he has not shown that he has the

financial means to pay deposition expenses, including court reporter fees. In *Coates v. Kafczynski*, 2006 WL 416244, *2 -3 (W.D.Mich., 2006), Judge Enslen approached this situation as follows:

> "The taking of depositions would entail stenographic or court reporter expenses which this court is not authorized to pay, and plaintiff has made no showing that he is able to pay the expenses for the taking of the depositions. Instead, plaintiff may conduct his discovery by means of written interrogatories. *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, *1 (N.D. Ill. June 26, 1996); *see also Belle v. Crawford*, No. CIV. A. 91-8013, 1993 WL 59291, *8 (E.D.Pa. Mar. 8, 1993) ('A defendant is not required to advance the plaintiff's deposition expenses merely because the plaintiff is unable to pay for such costs and fees. And, once again, the *in forma pauperis* statute ..., likewise does not require the Government to advance funds for deposition expenses.') (other citations omitted).

Judge Enslen also held that there is no authority for the Court to pay an indigent plaintiff's litigation costs:

> "*Pro se* litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure. However, this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D.Pa.1991) (§ 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184-85 (S.D.N.Y.1986) ( *in forma pauperis* statute does not require government to advance funds for deposition expenses); *Toliver v. Cmty. Action Comm'n to Help the Econ.*, 613 F.Supp. 1070, 1072 (S.D.N.Y.1985) (no clear statutory authority for the repayment of discovery costs for *pro se in forma pauperis* plaintiff); *Ronson v. Comm'r of Corr. for State of N.Y.*, 106 F.R.D. 253, 254 (S.D.N.Y.1985) (indigent prisoner's motion to depose physician at corrections facility denied); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D.Wis.1975) (28 U.S.C. § 1915 'does not extend to the cost of taking and transcribing a deposition.'); *Ebenhart v. Power*, 309 F.Supp. 660, 661 (S.D.N.Y.1969) ('Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.')." *Id*.

As in *Coates*, the Plaintiff may use other discovery methods, including interrogatories and requests to produce documents.[1] However, his motion to take depositions [Doc. #124] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: August 16, 2011

---

[1] The Court will separately enter a scheduling order setting a discovery cut-off date.

**CERTIFICATE OF SERVICE**

I hereby certify on August 16, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 16, 2011: **Mark Anthony Reed-Bey.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217