UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY, #151290

        Plaintiff,                        Case No. 06-10934

v.                                           District Judge Victoria A. Roberts
                                            Magistrate Judge R. Steven Whalen

GEORGE PRAMSTALLER, ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Seetha Vadlamudi's motion for summary judgment [Doc. #185], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

## I.   BACKGROUND

The facts, along with the lengthy procedural history of this case, were set forth in my previous Report and Recommendation ("R&R") filed on February 15, 2012 [Doc. #178], and need not be repeated here at length. More significant to the present motion is that on August 30, 2011, Defendant Vadlamudi filed a previous motion for summary judgment [Doc. #169], raising the following issue:

> "III.   A prison inmate's dissatisfaction with a treatment regimen developed by medical professionals cannot form the basis of a claim under the Eighth Amendment to the United States Constitution. Reed has done nothing more thatn idspute the course of his treatment by Vadlamudi. Should this Court dismiss Reed's Eighth Amendment deliberate indifference claim against Vadlamudi?"

I rejected this argument in my February 15th R&R, and recommended that "the

-1-

Court should not grant summary judgment to Dr. Vadlamudi where there are issues of material fact as to whether she was aware of but deliberately indifferent to the Plaintiff's serious medical condition, resulting in unnecessary pain for over a month." Doc. #178, at 8. I further recommended that "the Eighth Amendment claim against Dr. Vadlamudi should be restricted to medical issues, including pain management, in September and October, 2005." *Id.* at 8-9.

On March 5, 2012, Defendant Vadlamudi filed an objection to my R&R,[1] addressing the same issue that was presented in her first motion for summary judgment:

> "I. A prison inmate's dissatisfaction with a treatment regimen developed by medical professionals cannot form the basis of a claim under the Eighth Amendment to the United States Constitution. Reed has done nothing more thatn idspute the course of his treatment by Vadlamudi. Should this Court dismiss Reed's Eighth Amendment deliberate indifference claim against Vadlamudi?" *Defendant's Objections*, Doc. #180, at i.

On March 23, 2012, United States District Judge Victoria A. Roberts overruled Defendant Vadlamudi's objections and denied her motion for summary judgment as to the Plaintiff's Eighth Amendment deliberate indifference claim. *Order* [Doc. #182]. Judge Roberts ordered as follows:

> "Trial will be restricted to medical issues Mr. Reed-Bey experienced in September and October, 2005, and whether Dr. Vadlamudi was deliberately indifferent to those medical needs.
>
> "Trial will proceed on the Eighth Amendment Claim only, as to Dr. Vadlamudi."

In the present motion for summary judgment, Defendant Vadlamudi raises the same issue that was the basis of the first motion for summary judgment, my previous

---

[1] Defendant's objection was filed five days past the 14-day deadline for filing objections to a Report and Recommendation. *See* 28 U.S.C. §636(b)(1); E.D. Mich. LR 72.1(d)(2).

R&R, and Judge Roberts' March 23, 2012 Order:

> "I. A prison inmate's dissatisfaction with a treatment regimen developed by medical professionals cannot form the basis of a claim under the Eighth Amendment to the United States Constitution. Reed has done nothing more than dispute the course of his treatment by Vadlamudi. Should this Court dismiss Reed's Eighth Amendment deliberate indifference claim against Vadlamudi?" *Defendant's Motion* [Doc. 185], at vi.

## II. ANALYSIS

The Defendants' motion for summary judgment should be denied for two reasons.

First, under E.D. Mich. Local Rule 7.1(b)(2), "[a] party must obtain leave of court to file more than one motion for summary judgment." The comment to this Rule warns that "[a]ttempts to circumvent the LR in any way may be considered an abusive practice which may result in the motion or response being stricken as well as sanctions being imposed under LR 11. 1." E.D. Mich. LR 7.1 cmt. The Defendant did not seek or obtain leave of the Court to file her second summary judgment motion.

Secondly, the present motion raises the exact same issue that Defendant raised in the first motion, and that Judge Roberts ruled on in her March 23, 2012 Order. Thus, this motion is barred under the doctrine of law of the case, which provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill,* 377 F.3d 565, 569–70 (6th Cir.2004) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). The doctrine precludes a court from reconsideration of issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.,* 105 F.3d 306, 312 (6th Cir.1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.,* 865 F.2d 761, 766 (6th Cir.1989)).

# III. CONCLUSION

For these reasons, I recommend that Defendant's motion for summary judgment [Doc. #185] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: April 10, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on April 10, 2012.

| | |
|---|---|
| Mark Reed-Bey, #151290<br>Gus Harrison Correctional Facility<br>2727 E Beecher St<br>Adrian, MI 49221-3506 | Johnetta M. Curry-Williams<br>Case Manager |