UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY,
#151290,

       Plaintiff,                          Case No. 06-10934

v.                                      District Judge Victoria A. Roberts
                                         Magistrate Judge R. Steven Whalen
GEORGE PRAMSTALLER, ET AL.,

       Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR COSTS**

On May 21, 2008, the Court dismissed Plaintiff's complaint without prejudice, for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). Plaintiff appealed to the Sixth Circuit, which reversed the District Court on April 28, 2010, remanding the case so that Plaintiff's § 1983 suit could proceed. Plaintiff, who had paid the appellate filing fee, then sought recovery of costs in the Sixth Circuit. On June 8, 2010, the Sixth Circuit entered an order granting costs in the amount of $56.52 for copying and mailing his brief. However, the Court ruled that Plaintiff "must seek any recovery of his filing fee in the district court." (Citing Fed.R.App.P. 39(e) and *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 497 F.3d 805, 808 (8th Cir. 2007).

Before this Court is Plaintiff's Motion for Costs [Doc. #174], filed on January 23, 2012, some 19 months after the Sixth Circuit remanded his case and 18 months after the Sixth Circuit ruled on his motion for costs. The motion must be DENIED as untimely.

Fed.R.App.P. 39(e)(4) provides that the fee for filing a notice of appeal is a cost on

-1-

appeal that is taxable in the district court. This Rule does not in itself set forth a specific time limit. However, E.D. Mich. L.R. 54.1 provides that a party seeking costs must do so within 28 days after entry of a judgment. And while L.R. 54.1 does not specifically refer to appellate fees, the Eastern District of Michigan Bill of Costs Handbook, at p. 2, clearly states that "[a]ppellate fees pursuant to Fed.R.App.P. 39(e)" are taxable costs to the Clerk of the District Court. Therefore, I find that L.R. 54.1 sets forth the time limit for requesting appellate fees, including the filing fee for the appeal. That time would ordinarily run from the date of the Sixth Circuit's judgment or mandate. In this case, Plaintiff initially sought the filing fee by way of a motion in the Sixth Circuit, which ruled on that motion on June 8, 2010. Because the Sixth Circuit's June 8th order directed Plaintiff to seek costs in this Court, the time for filing his petition should run from that date.

Even so, Plaintiff filed his motion for costs well beyond the 28-day period of L.R. 54.1, in fact 18 months after the Sixth Circuit's order. It is grossly untimely. Moreover, Plaintiff has not shown that he is entitled to equitable tolling of the 28-day period. Equitable tolling would require Plaintiff to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 130 S.Ct. 2549, 2562 (2010) (internal quotations omitted).

Accordingly, Plaintiff's Motion for Costs [Doc. #174] is DENIED.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: July 9, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on July 9, 2012.

| | |
|---|---|
| Mark Reed, #151290<br>Gus Harrison Correctional Facility<br>2727 E Beecher St<br>Adrian, MI 49221-3506 | s/Johnetta M. Curry-Williams<br>Case Manager |