UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY # 151290,

    Plaintiff,

v.

GEORGE PRAMSTALLER, ET Al.,

    Defendants.
_____/

CASE NUMBER: 06-10934
HONORABLE VICTORIA A. ROBERTS
Magistrate Judge R. Steven Whalen

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Dr. Seetha Vadlamudi's Objections to the Magistrate Judge's Report and Recommendation ("R & R"). (Doc. # 192). The Court reviews the objections *de novo*. Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Magistrate Judge R. Steven Whalen recommends that the Court deny Defendant's motion for summary judgment primarily because it raises the same issue Defendant raised in a prior summary judgment motion, which the Court denied on March 23, 2012. (Doc. # 182).

Defendant says the Magistrate erred by failing to consider her affidavit–attached to her motion for summary judgment (Doc. # 185-1, Affidavit of Seetha Vadlamudi)–attesting that she did not play a role in scheduling prisoners for doctor visits. (Doc. # 192 at 3-4). She says Plaintiff presents no evidence that she ever

1

received his requests for medical attention after September 19, 2005. She alleges that nurses schedule medical appointments at the prison and "if a nurse failed to schedule an appointment for Reed[, she] would have no way of knowing he needed medical attention." (*Id.* at 4). Defendant concludes:

> None of the evidence Reed submitted showed that Vadlamudi had knowledge of either of these scheduled appointments or of the other two requests he made for medical attention. Vadlamudi submits that Reed must submit some evidence of her awareness of his medical needs for her to be held liable. Since Reed did not, Vadlamudi is entitled to qualified immunity.

(Doc. # 192 at 4).

At the summary judgment stage, the burden is on the movant to show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant must support that assertion by citing to particular parts of materials in the record. Fed. R. Civ. P. 56(c)(1)(A).

"A court should not grant summary judgment on the issue of qualified immunity if there exists a genuine issue of material fact, 'involving an issue on which the question of immunity turns, such that it cannot be determined before trial whether the defendant did acts that violate clearly established rights.'" *Flint ex rel. Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 346 (6th Cir. 2001) (quoting *Poe v. Hayden*, 853 F.2d 418, 425-26 (6th Cir. 1988)). Further, "[i]t is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case." *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986)). "Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of

2

demonstrating that there are no factual issues warranting trial." *Id.* (citations and quotation marks omitted). "[E]ven when the non-movant bears the burden of proof at trial, 'simply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case.'" *Id.* (quoting *Russ v. Int'l Paper Co.*, 943 F.2d 589, 591 (5th Cir. 1991)).

Defendant does not meet her initial burden to show that there are no fact issues for trial. Even if Defendant played no role in scheduling patients at the prison, viewing the facts in a light most favorable to Plaintiff, Defendant was aware of the nature and severity of Plaintiff's injury on September 19, 2005 when she made an entry in his chart to reschedule him to be seen "ASAP." As the Magistrate Judge noted in his R & R on Defendant's first motion for summary judgment, "The medical notes from September 13, 2005 clearly note the A/C separation, and the prescribing of Vicodin for a period of seven days." (Doc. # 178 at 7-8). Dr. Vadlamudi presumably had these notes on September 19. Plaintiff alleges (and Defendant does not dispute) that Defendant was the one who cancelled the September 19 appointment. Defendant does not demonstrate by affidavit or otherwise that after cancelling the appointment she lacked all control over whether and when the nurses rescheduled it.

Moreover, Plaintiff contends that Defendant cancelled a September 30, 2005 doctor visit that was scheduled by a nurse on September 28. Again, viewing the evidence in a light most favorable to Plaintiff, this is plausible. The medical record shows that on September 28 a nurse scheduled a doctor's visit for September 30. (Doc. # 193, Exh. A to Pl.'s Response to Def.'s Motion for Summary Judgment). For

reasons that are unclear, this visit never happened. (*See id.*). In her motion, Defendant says, "As in any doctor's office, if [the nurse who scheduled the September 30 appointment] never informed Vadlamudi of Reed's medical problem or failed to issue a call out to Reed Vadlamudi could not have disregarded a substantial risk of serious harm." (Doc. # 192 at 4).

Guessing as to what might have happened adds no value to Defendant's motion. As the moving party, Defendant must show, by pointing to specific materials in the record, that there is no genuine dispute that she was not aware of Plaintiff's condition, or, if she was aware, that she did not consciously disregard this condition by failing to see him sooner. She does not definitively establish that she had no control over when she saw patients, that she was not made aware of Plaintiff's four requests to be seen for his shoulder injury, and that she was not otherwise aware of the nature and severity of Plaintiff's injury.

Defendant's motion rests primarily on Plaintiff's alleged failure to submit evidence that Defendant was aware of his medical requests and condition. Again, "a mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden." *Ashe*, 992 F.2d at 544; *see also Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) ("The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment."). Notably missing from Defendant's affidavit is a statement that she was unaware of Plaintiff's medical condition throughout

4

September and October 2005.

Because there are genuine issues on which the question of immunity turns, *i.e.*, whether Defendant consciously disregarded a substantial risk of serious harm to Plaintiff, Defendant is not entitled to summary judgment.  The Court **ADOPTS** Magistrate Judge Whalen's recommended disposition for the reasons stated here and **DENIES** Defendant's Motion for Summary Judgment.

    **IT IS ORDERED.**

                        S/Victoria A. Roberts
                        Victoria A. Roberts
                        United States District Judge

Dated:  July 17, 2012

> The undersigned certifies that a copy of this document was served on the attorneys of record and Mark Anthony Reed-Bey by electronic means or U.S. Mail on July 17, 2012.
>
> S/Linda Vertriest
> Deputy Clerk