UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY,  #151290,

                Plaintiff,                      Case No. 06-10934

v.                                District Judge Victoria A. Roberts
                                          Magistrate Judge R. Steven Whalen

GEORGE PRAMSTALLER, ET AL.,

                Defendants.

_____ /

## REPORT AND RECOMMENDATION

Before the Court are Plaintiff's Motion for Default Judgment [Doc. #191] and Second Motion for Default Judgment and Motion to Reply [Doc. #200], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  I recommend that both motions be DENIED.

## I.    BACKGROUND

This case has a lengthy procedural history. On March 1, 2006, Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, naming numerous Defendants, including Justina Nzums and Ruth Ingram, who are the subject of the present motions. On April 11, 2006, the Court *sua sponte* dismissed the complaint for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). [Doc. #6]. On April 30, 2007, the Sixth Circuit reversed and remanded, based on the Supreme Court's intervening decision in *Jones v. Bock*, 549 U.S. 199 (2007).

On January 30, 2008, Magistrate Judge Steven D. Pepe, to whom this case was originally referred, filed a Report and Recommendation ("R&R"), recommending that

-1-

Defendant Vadlamudi and other MDOC Defendants be granted summary judgment for failure to properly exhaust administrative remedies under the relevant MDOC policy directives. [Doc. #68]. Specifically, Magistrate Judge Pepe found that the Plaintiff did not name the Defendants in his grievances. On May 21, 2008, the Court accepted this R&R and granted summary judgment, again dismissing the case without prejudice [Doc. #78]. The Plaintiff again appealed to the Sixth Circuit, and on April 28, 2010, the Sixth Circuit reversed in a published opinion. *Reed-Bey v. Pramstaller, et al.*, 603 F.3d 322 (6th Cir. 2010).

Following this second remand, the case was reassigned and referred to me on May 3, 2011 [Doc. #163].[1]

On August 10, 2007, the Court ordered Marshal's service on all Defendants [Doc. #22]. On September 6, 2007, waivers of service were returned unexecuted as to Defendants Nzums and Ingram [Doc. #29 and #31]. On December 13, 2007, the Court ordered re-service by the Marshal on Nzums and Ingram [Doc. #49]. On January 24, 2008, waivers of service were returned unexecuted on those two Defendants [Doc. #62 and #64].

On December 14, 2010, after remand by the Sixth Circuit, the Court received under seal the last known addresses of Nzums and Ingram, former MDOC employees [Doc. #129].  On February 15, 2011, the Court ordered Marshal's service on Nzums and Ingram at the addressed provided under seal by the MDOC [Doc. #149]. On March 24, 2011, waivers of service as to those two Defendants were returned unexecuted. (*See* text only notation on docket). On April 1, 2011, the Court ordered the Marshal to personally

---

[1] The case is now before the Sixth Circuit a third time, on Defendant Vadlamudi's appeal of this Court's order denying summary judgment [Doc. #195].

serve Defendants Nzum and Ingram [Doc. #153]. On May 16, 2011, the Marshal returned the summonses unexecuted, with the notation "unable to locate [the Defendants] at address provided." (*See* text only entries in docket).

On March 28, 2012, Plaintiff requested a Clerk's entry of default [Doc. #186], which was denied on March 30, 2012 [Doc. #187].

Plaintiff now seeks a default judgment.

## II.   DISCUSSION

Under Fed.R.Civ.P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. However, neither an entry of default nor a default judgment may be entered against a defendant who has not been properly served with a summons and complaint under Fed.R.Civ.P. 4(c)-(h), since the Court would not have personal jurisdiction over such defendant. Neither Nzums nor Ingram have been properly served, notwithstanding the best efforts of the United States Marshal.[2]

In addition, a default judgment cannot be granted because there is no Clerk's entry of default. In order for a plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). Here, of course, that request was denied. A default *judgment*, however, is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland*

---

[2] The Court and the Marshal have exhausted all reasonable efforts to serve these Defendants, culminating in an unsuccessful attempt to personally serve the Defendants at the last known addresses provided by the MDOC. Neither this Court nor the United States Marshal is in a position to assume the role of Plaintiff's private investigator in order to locate the Defendants. *See Hardy v. Marble*, 2012 WL 3870586, *1 (E.D.Mich. 2012)("[T]he Court is not in a position to use its resources to investigate the current location of a person against whom a *pro se* litigant wishes to bring a federal court action.").

*Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975)). In *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

*See also Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004) (quoting *Sys. Indus., Inc. v. Han,* 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union,* 511 F.Supp. 171, 176 (D.N.J.1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

Because the Clerk has not  entered a default under Rule 55(a)–and may not do so absent proper service– Plaintiff is not entitled to a default judgment under Rule 55(b).

### III.   CONCLUSION

For these reasons, I recommend that  Plaintiff's Motion for Default Judgment [Doc. #191]  and Second Motion for Default Judgment and Motion to Reply [Doc. #200] be DENIED.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638

F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date:  January 10, 2013


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 10, 2013.

Mark Reed, #151290                          s/Johnetta M. Curry-Williams
Gus Harrison Correctional Facility           Case Manager
2727 E Beecher St
Adrian, MI 49221-3506