UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY, #151290,

    Plaintiff,

v.

GEORGE PRAMSTALLER, ET AL.,

    Defendants :
_____/

Civil No. 06-CV-10934-VAR-RSW

HON. VICTORIA A. ROBERTS

MAGISTRATE R. STEVEN WHALEN

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND SUA SPONTE DISMISSING CLAIMS AGAINST NZUMS AND INGRAM

**I. INTRODUCTION**

Before the Court is Plaintiff's objection to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. #203), recommending that the Court deny Plaintiff's motions for default judgment under Fed. R. Civ. P. 55. The Court **ACCEPTS** the R&R. Plaintiff's Motion for Default Judgment (Doc. #191) and Second Motion for Default Judgment and Motion to Reply (Doc. #200) are **DENIED**. And, the Court *sua sponte* **DISMISSES** claims against Nzums and Ingram.

**II. BACKGROUND**

In March 2006, Mark Anthony Reed-Bey ("Reed"), an inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, naming Defendants Justina Nzums and Ruth Ingram, among others. During the course of proceedings, the Court made several attempts to serve the

1

Defendants. From August 2007 to February 2011, the Court ordered service by the U.S. Marshal Service on three separate occasions; each time the summons was returned unexecuted, there was no waiver of service, and the summons expired. In April 2011, the Marshal was ordered to personally serve the Defendants at their last known addresses but was unable to locate them. Following the failed service attempts, the Plaintiff requested a clerk's entry of default. It was denied on March 30, 2012.

The Plaintiff then sought default judgment pursuant to Fed. R. Civ. P. 55(b). The Magistrate Judge recommended that the motions be denied, finding that entry of default by the clerk was a pre-requisite to default judgment under Rule 55(b).

Plaintiff objects to the Magistrate Judge's recommendation.

### III. STANDARD OF REVIEW

This Court reviews *de novo* any part of the Magistrate Judge's R&R on a dispositive motion that is properly objected to. 28 U.S.C. § 636(b)(1). § 636(b)(1)(A) provides that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court."*Id*. The Court may then "reconsider any pretrial matter under [§ 636(b)(1)(A)] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

### IV. ANALYSIS

The crux of Reed's argument is that the Magistrate Judge erred in failing to consider that Reed first requested an entry of default from the clerk before moving for default judgment with the court.

2

After a *de novo* review of the R&R, the Court finds that Reed's argument is flawed. First, Magistrate Judge Whalen did consider Reed's request for default from the clerk. He plainly mentioned it by stating that the "request was denied." (Doc #203).

Second, Reed mischaracterizes the law behind entry of a default judgment. The Court is not required to find that default judgment is appropriate merely because a party filed a default request with the clerk. As the Magistrate Judge discussed in his R&R, Rule 55 clearly separates the procedures for defaults and default judgments**.** Fed. R. Civ. P. 55. Entry of default by the clerk is required before a court may enter a default judgment. *See Vongrabe v. Sprint PCS,* 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004)*.* Because the clerk denied Reed's request for default, he is not entitled to default judgment. The Magistrate Judge's recommendation that Reed's motions be denied is appropriate.

Furthermore, the Magistrate Judge included, the following footnote in his R&R, concerning the exhaustion of all reasonable efforts to serve Nzums and Ingram:

> The Court and the Marshal have exhausted all reasonable efforts to serve these Defendants, culminating in an unsuccessful attempt to personally serve the Defendants at the last known addresses provided by the MDOC. Neither this Court nor the United States Marshal is in a position to assume the role of Plaintiff's private investigator in order to locate the Defendants.

Indeed, since 2007, several unsuccessful attempts have been made to serve Nzums and Ingram.

Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must serve a defendant within 120 days of the filing of the complaint, otherwise, the complaint shall

be dismissed.  Fed. R. Civ. P. 4(m).  Alternatively, the court must extend the period of service by a showing of good cause by a plaintiff.  *Id.*  The Sixth Circuit holds that "[w]hen a litigant is proceeding IFP, [t]he officers of the court shall issue and serve all process, and perform all duties in such cases.'" *Owens v. Riley*, 11-1392, 2012 U.S. App. LEXIS 4560 (6th Cir. 2012) (quoting 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(2);  *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Good cause is shown when service fails by no fault of a plaintiff who is proceeding IFP.  Generally, a plaintiff proceeding IFP satisfies his obligation when "reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd*, 94 F.3d at 219.  However, such plaintiff may not sit idly by knowing service has not been effectuated and later claim good cause for an extension of service.  *Owens v. Riley*, No. 10-13428, 2012 U.S. Dist. LEXIS 25972 (E.D. Mich. Feb. 2012); *Vandiver v. Martin*, 304 F. Supp. 2d 934, 943 (E.D. Mich. 2004).

     Reed's failure to respond to or remedy Nzums' and Ingram's lack of service warrants dismissal and does not constitute reasonable cooperation with the Marshal. The record shows that waiver of service was returned unexecuted three times, the Court *sua sponte* entered an order directing the Marshal to serve Nzums and Ingram. When the fourth waiver of service was returned unexecuted, the Court *sua sponte* entered an order directing the Marshal to serve Nzums and Ingram personally. Personal service could not be made.  Despite these failures of service, Reed did not make a request for alternative methods of service. See *Riley*, No. 10-13428, 2012 U.S. Dist. LEXIS 25972; compare with *Puett v. Blandford*, 912 F.2d 270, 271-72 (9th Cir. 1990).  It is not the Court's obligation to see that service is effectuated; it is Reed's.

Reed failed to serve Nzums and Ingram in a timely manner and he cannot show good cause for failing to do so. When good cause is not shown, a Court does not abuse its discretion in *sua sponte* dismissing claims. *Owens v. Riley*, 11-1392, 2012 U.S. App. LEXIS 4560 (6th Cir. 2012); see also *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). All claims against Nzums and Ingram are dismissed.

**V. CONCLUSION**

The Court **ACCEPTS** the R&R. Plaintiff's Motion for Default Judgment and Second Motion for Default Judgment and Reply are **DENIED**. The Court also **DISMISSES** Reed's claims against Nzums and Ingram.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 3/21/13

The undersigned certifies that a copy of this document was served on the attorneys of record and Mark Anthony Reed-Bey by electronic means or U.S. Mail on March 21, 2013.

S/Linda Vertriest
Deputy Clerk