UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY REED-BEY,

              Plaintiff,

v.

GEORGE PRAMSTALLER, ET AL.,

              Defendants,
_____/

CASE NUMBER: 06-10934
HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT COURT JUDGE

***ORDER AND OPINION GRANTING PLAINTIFF'S MOTION IN LIMINE***

**I. INTRODUCTION**

       This matter is before the Court on Plaintiff Mark Anthony Reed-Bey's ("Mr. Reed-Bey") Motion in Limine to prohibit the Defendants from introducing his prior convictions and the prior convictions of another potential witness, Frederick McKinney, ("Mr. McKinney") at trial. Mr. Reed-Bey argues that these convictions are inadmissible character evidence under Fed. R. Evid. 404(b) and are also inadmissible for impeachment purposes under Fed. R. Evid. 609. The matter is fully briefed, and Defendants do not concur in the Motion. A hearing was held on November 5, 2013.

       Plaintiff's Motion in Limine is **GRANTED**.

**II. BACKGROUND**

       Mr. Reed-Bey, a state prisoner, filed a civil rights action under 42 U.S.C. § 1983 against Defendants for failure to provide him with prompt and adequate medical care after he severely injured his shoulder during a prison sporting event. Counsel for Mr. Reed-Bey filed this Motion in Limine anticipating that Defendants will introduce Mr. Reed-Bey's and Mr. McKinney's prior

1

criminal convictions at trial as character evidence under Fed. R. Evid. 404(b), or as impeachment evidence under Fed. R. Evid. 609.

Mr. Reed-Bey pled guilty to, and was sentenced on September 28, 1977 for criminal sexual conduct in the second degree under MCL 750.520c. He was released from prison for that conviction on March 15, 1986. Mr. Reed-Bey was convicted of, and sentenced on July 20, 1990 for first-degree murder under MCL 750.316 and felony firearm under MCL 750.227b. He was sentenced to life imprisonment for the murder conviction and two years for the felony firearm conviction.

Mr. McKinney was convicted of, and sentenced on June 6, 1994 for first-degree murder under MCL 750.316, concealed weapons under MCL 750.227, and felony firearm under MCL 750.227b. He was sentenced to life imprisonment for the murder conviction, two to five years for the concealed weapons conviction, and two years for the felony firearm conviction. Mr. McKinney completed the concealed weapons sentence on March 5, 2000.

Both Mr. Reed-Bey and Mr. McKinney are now serving time for their murder and felony firearm convictions. Mr. Reed-Bey argues that the prejudicial effect of these prior convictions would improperly distract the jury from the central issue of the case.

### III. APPLICABLE LAW

In determining the admissibility of evidence, the Court must first decide whether the evidence is relevant. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Under Fed. R. Evid. 402, all relevant evidence is admissible, unless a statute or rule provides otherwise. However, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of

... unfair prejudice ..." Fed. R. Evid. 403.

### A. Crimes or Other Acts under Fed. R. Evid. 404(b).

Under Fed. R. Evid. 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character." However, such evidence may be used to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* After identifying the specific 404(b)(2) purpose, the Court must determine whether the identified purpose is a material issue in the case. *United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996).

### B. Impeachment by Evidence of a Criminal Conviction under Fed. R. Evid. 609.

#### 1.) Fed R. Evid. 609(a)

Fed. R. Evid. 609(a)(1) allows the admission of evidence of a witness's prior conviction, for a crime punishable by death or prison for more than one year, to impeach that witness if the probative value of the evidence outweighs its prejudicial effect. Fed. R. Evid. 609(a)(1). Rule 609(a)(2) allows conviction evidence, regardless of punishment, where establishing the elements of the crime "required proving ... a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

#### 2.) Fed. R. Evid. 609(b)

Fed. R. Evid. 609(b) applies a limitation on conviction evidence if more than ten years have passed since the witness's conviction or release from confinement, whichever comes later. Under Rule 609(b), a ten-year-old conviction (including crimes of dishonesty) is admissible only if: (1) its probative value, "supported by specific facts and circumstances," substantially outweighs its prejudicial effect; and (2) "the proponent gives an adverse party reasonable written notice of the intent to use it" so that the party has a fair opportunity to object.

IV. ANALYSIS

**A. Mr. Reed-Bey's and Mr. McKinney's Prior Convictions under Fed. R. Evid. 404(b).**

Mr. Reed-Bey contends that if Defendants do attempt to use his criminal record to suggest a character predisposition in this § 1983 action, the use would be barred by Rule 404(b). The Court agrees. And, Defendants do not argue that they intend to introduce the criminal records as character evidence under Rule 404(b), or for any other purpose.

Mr. Reed-Bey's and Mr. McKinney's prior convictions cannot be offered under Rule 404(b).

**B. Evidence of Mr. Reed-Bey's Criminal Sexual Conduct Conviction does not meet the Rule 609(b) test.**

Mr. Reed-Bey's criminal sexual conduct conviction is twenty-seven years old; he was released from prison on this conviction in 1986. It is inadmissible under the limitation imposed by Rule 609(b). In *United States v. Sims*, the Sixth Circuit explained that "[w]hen stale convictions are offered for the purpose of impeaching a witness, they often shed little light on the present tendency of the witness toward truthfulness and veracity." *United States v. Sims*, 588 F.2d 1145, 1148 (6th Cir. 1978). The Sixth Circuit concluded in *Sims* that evidence of convictions more than ten years old will "very rarely and only in exceptional circumstances" be admitted. *Id.* Rule 609(b) requires the Court to make an "on-the-record finding" of fact that the probative value of the evidence substantially outweighs the danger of unfair prejudice. *Id.*

Defendants' only argument is that if Mr. Reed-Bey could commit criminal sexual conduct, he would be predisposed to lying on the stand. Defendants fail to show how the

4

probative value of this evidence substantially outweighs its prejudicial effect. Before the Court is a § 1983 action for failure to provide medical care; for what is at issue, no probative value can be gleaned from the admission of this twenty-seven year old conviction.

Evidence of Mr. Reed-Bey's criminal sexual conduct conviction will be excluded under 609(b).

**C. Evidence of Mr. Reed-Bey's and Mr. McKinney's Felony Firearm and Murder Convictions, and Mr. McKinney's Concealed Weapons Conviction (the "remaining convictions") are inadmissible under Rule 609(a).**

Mr. Reed-Bey's and Mr. McKinney's remaining convictions are not subject to the Rule 609(b) time limitation because they actively remain under court supervision for these convictions. Although Mr. McKinney completed his sentence for concealed weapons in 2000, he still remains incarcerated.

The evidence of the remaining convictions potentially can be admissible as impeachment evidence under Rule 609(a)(1) and (2). But, evidence of a criminal conviction (not for dishonesty or false statement) used to attack a witness's propensity for truthfulness, if punishable by death or imprisonment for over a year, is subject to the Rule 403 balancing test. Fed. R. Evid. 609(a)(1). Crimes of dishonesty and false statement do not require this balancing test. Fed. R. Evid. 609(a)(2).

**1.) The remaining convictions do not meet the Rule 609(a)(2) test.**

Crimes within the scope of Fed. R. Evid. 609(a)(2) are those indicative of truthfulness, such as "perjury, false statement, fraud, or offenses in the nature of *crimen falsi* which involve deceit, untruthfulness, or falsification." *Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. Feb. 1, 1993)

(citing Fed. R. Evid. 609 Senate and House Conference Committees' report). The remaining convictions for murder, felony firearm, and concealed weapons, are not crimes of dishonesty and do not fall within 609(a)(2). Courts have determined that convictions for crimes of force or violence do not fall within Rule 609(a)(2). *See U.S. v. Hayes*, 553 F.2d 824 (2nd Cir. 1977); *U.S. v. Williams*, 445 F.2d 421 (10th Cir. 1971); *Gordon v. U.S.*, 383 F.2d 936 (D.C. Cir. 1967). The Sixth Circuit has also observed that "carrying a concealed weapon is not a crime involving dishonesty per se." *United States v. Cox*, 159 F. App'x 654, 658 (6th Cir. 2005).

**2.) The remaining convictions do not meet the Rule 609(a)(1) test.**

To be admissible under Rule 609(a)(1), the remaining convictions must meet the Rule 403 balancing test. They do not.

Mr. Reed-Bey argues that the probative value of the remaining convictions is minimal and is substantially outweighed by the extreme risk of unfair prejudice. He says a murder conviction "has the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired." *Tabron v. Grace*, 898 F. Supp. 293, 296 (M.D. Pa. 1995). The district court in *Tabron* excluded a murder conviction in a prisoner's § 1983 action. Many courts have excluded murder convictions for the same reasons. *See Eng*, 146 F.R.D. 74, *Boyd v. Louisiana*, No. 03-1249-P, 2008 WL 920306, at *2 (W.D. La. Apr. 4, 2008); *Livingston v. Lee*, No. 9:04-cv-00607-JKS, 2007 WL 3197517 (N.D.N.Y. Oct. 26, 2007); *Jolly v. Troisi*, No. 92 Civ. 5332 (DAB), 2000 WL 620304 (S.D.N.Y. May 11, 2000). He also argues that the remaining convictions shed no light on his or Mr. McKinney's propensity for truthfulness in a § 1983 failure to provide medical care claim.

The Court agrees. Violent crimes generally do not reflect directly on the witness's

propensity for truthfulness, and they also carry a high risk of unfair prejudice. "The average jury is unable, despite curative instructions, to limit the influence of a defendant's criminal record to the issues of credibility." *U.S. v. Puco*, 453 F.2d 539 (2nd Cir. 1971).

Defendants fail to show how the probative value of these convictions outweighs their prejudicial effect. For that reason, evidence of the remaining convictions will be excluded at trial under Rule 609(a).

## V. CONCLUSION

None of the convictions at issue meets any of the Rule 609 tests.

Mr. Reed-Bey's Motion in Limine is **GRANTED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 7, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 7, 2013.

S/Linda Vertriest
Deputy Clerk